(No. 23464.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD VANNORMAN, Plaintiff in Error.

*Opinion filed June 10, 1936.*

THEODORE KORB, for plaintiff in error.

OTTO KERNER, Attorney General, E. V. CHAMPION, State's Attorney, and A. B. DENNIS, (CLARK B. MONTGOMERY, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Donald VanNorman, charged with the crime of robbery with a gun, was tried and convicted by a jury in the circuit court of Peoria county. He was positively identified soon after his arrest, and prior to his trial he made a complete confession of the crime. The record is brought here for review by writ of error upon assignments that the trial court improperly (*a*) denied motions for a continuance, (*b*) ordered the clerk to correct the record, and (*c*) denied a petition for change of venue.

On November 18, 1935, VanNorman appeared in court without counsel and an attorney was appointed to defend him. His attorney was then furnished with a copy of the indictment, upon which appeared the names of three State's witnesses, all residents of Peoria and two of them city policemen. On the following day counsel appeared and the case was set for trial on November 20. A list of additional witnesses to be used by the People was furnished to

VanNorman's counsel on November 20. At that time a motion was made by the latter for a continuance, supported by an affidavit asserting lack of time to prepare a good defense or to confer with the witnesses, and also that the State's attorney had refused to allow affiant to see the alleged confession. The motion for continuance was denied and the court then set the trial for the next day. When the case was called for trial on November 21 the motion for continuance was renewed and an additional affidavit filed, asserting that slightly less than three days was insufficient time for counsel to prepare a proper defense; that there were numerous witnesses who would testify that Van-Norman was at a place far removed from the scene of the alleged crime, many of whom counsel had been unable to interview, and setting forth other grounds first stated in the original affidavit for continuance. This second motion for continuance was likewise denied by the court and the cause proceeded to trial.

No hard and fast rule can be laid down in criminal cases as to the length of time which a trial court must allow counsel to properly prepare a defense. Much latitude has always been allowed trial courts in the exercise of their discretion in such matters, depending upon the gravity of the offense, the character of the evidence, the number and residence of the witnesses, the nature of the defense, and other salient circumstances. In *People* v. *Storer,* 329 Ill. 536, the defendant was brought to trial six days after the appointment of counsel, and it was there argued that the court had improperly denied a motion for continuance. In upholding the trial court's action and refusing to reverse the judgment of conviction we there said: "A defendant in every criminal case is entitled, under the law, to a reasonable time and full opportunity to prepare for his trial, and that right is one guaranteed to him by the constitution. What is a reasonable time for the preparation of a case and what time should be granted counsel for that purpose

must necessarily depend upon the facts and circumstances of each case and is a matter largely resting in the sound judicial discretion of the trial court, which will only be disturbed on review in a court of appeal when it is shown that that discretion has been abused.—*People* v. *Singer,* 288 Ill. 113; *Feinberg* v. *People,* 174 id. 609."

Before a judgment of conviction will be reversed because of the denial of the motion for a continuance, based upon the lack of time to prepare for trial, it must appear that the refusal of additional time in some manner embarrassed the accused in preparing his defense and so prejudiced his rights. (*People* v. *Kunowski,* 360 Ill. 416.) It is only where the record shows that the trial court has abused its discretion in denying reasonable time for preparation of the defense that a reviewing court will interfere. (*People* v. *Street,* 353 Ill. 60.) In view of the positive identification and the complete confession of VanNorman it appears that little except cumulative alibi evidence corroborating the three witnesses who testified for him could have been offered even if the trial court had extended further time. The record shows that the confession was voluntarily made by VanNorman, and he said he had not been mistreated, beaten or abused while in custody and that no promises or threats of any kind were made. He was fully informed that he did not have to make the statement and that if he did so it could be used against him. The matters contained in the confession were so complete in every detail as to leave no doubt as to VanNorman's guilt, and it was read and signed by him in the presence of five witnesses. Under all these circumstances we are not prepared to say that the record shows such an abuse of discretion by the trial court in denying the motion for continuance as would warrant a reversal of VanNorman's conviction.

An additional abstract of record has been filed in the case showing that VanNorman did, in fact, waive ar-

raignment and enter a plea of not guilty in open court on November 21, 1935, prior to his trial. An exhibit in the handwriting of the presiding judge shows this waiver of arraignment and plea. The failure of the clerk to write in the waiver of arraignment and plea of not guilty in preparing the original record was not a fatal error where, as in this case, the facts were correctly shown in the clerk's minute book as well as in the judge's docket and where the transcript was by court order later corrected to speak the truth.

The petition for change of venue was not filed until two months after the trial. It was based upon the prejudice of the trial judge to properly pass upon the motion, then pending, to direct the clerk to enter an amendment in the record showing the waiver of arraignment and plea of not guilty previously entered by VanNorman on November 21, 1935. The petition for the change of venue contained the statements that counter-affidavits had been filed to show that VanNorman had not waived arraignment or entered a plea of any kind prior to the trial, and that a question of fact was thus presented concerning which the trial judge was both an interested and prejudiced party. The petition for change of venue was properly denied by the trial court, as the situation presented on the pending motion to correct the record two months after VanNorman had been convicted and sentenced was not such as would require a change of venue. His guilt or innocence was then not in issue. It was proper for the judge before whom the case was tried to decide the pending motion in order that the record, with which he was most familiar, might be corrected to speak the truth. Moreover, the petition for change of venue, even if otherwise proper, was only verified by the affidavit of counsel, unsupported by the affidavit of defendant, as required by statute.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Judgment affirmed.*