(No. 35037.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE WEBSTER, Plaintiff in Error.

*Opinion filed September 24, 1959.*

ROBERT EMMETT LEE, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

Defendant, Joe Webster, was convicted of the crime of larceny of a motor vehicle in the criminal court of Cook County. He and Lawrence Goodwin had been jointly indicted for the theft of an automobile from John Groszek and jointly charged in a separate indictment with the theft of a car belonging to Alvin Teeter. The two indictments were consolidated for a bench trial with the consent of both defendants. Webster, herein referred to as defendant, prosecutes this writ of error to reverse the judgment, alleging that the evidence was insufficient to establish his guilt, that incompetent evidence was admitted and that the court erred in denying his motion for continuance.

The evidence presented by the prosecution reveals that on November 20, 1955, at approximately 11:00 in the evening, John Groszek went out to lock his car which had been parked in front of his home and found that it was gone. He immediately called the police and two officers in a squad car came by and picked him up. On their way to the police station to make a report, Groszek saw a parked car which looked like his and asked the police officers to

stop. After making sure that it was his car, Groszek opened the front door of the parked car and saw two men inside whom he later identified as defendant and Goodwin. Defendant and Goodwin were on the front seat working at something under the dashboard. Groszek yelled to the police officer who ran around the car with his gun drawn and ordered the two men out of the car. The men explained they were watching the car for a man who had gone to call a mechanic. After defendant and Goodwin had been taken to the police station and questioned, Groszek and a police officer went back to the automobile. Groszek attempted to move his car but found that the ignition wires had been disconnected. A roll of white adhesive tape was found on the front seat of his car and a pair of pliers and a screw driver on the floor. Groszek also noticed scratches on the rear bumper of his car and on the front bumper of a 1942 Plymouth parked in front of his car. Groszek and the police officers searched the Plymouth and found an adhesive tape container in the front seat and a coat in the back seat which defendant identified as his. Defendant claimed he owned the Plymouth, although it was later established that the car was registered in the name of Alvin Teeter, and Teeter testified the car had been stolen from him.

At the close of the prosecution's case, defendant and Goodwin moved for judgment on both indictments. Their motion was allowed as to Teeter's car but denied as to Groszek's car.

In defense, Webster testified that on the night of the theft, he and Goodwin were together in a night club in Joliet until after 11:00 o'clock in the evening. They left in the 1942 Plymouth and, as they were driving, Webster noticed that he was being followed by a police car so he stopped the car. The police officer asked defendant why he did not have any license plates on the car and asked if he had any proof of ownership. Webster told the officer that

he. had bought the car from a Henry Scott .and suggested that the officer call Scott to verify this. According to ·defendant, Groszek was with the police officer at this time but said nothing to either defendant or Goodwin about the theft of his car. Defendant testified that neither he nor Goodwin was ever in Groszek's automobile and· denied that he had used the car he was driving to push Groszek's car. He denied that he ever told the police officer that he ·was ·watching Groszek's car for another man. He admitted that :the coat which was found in the. Plymouth was his coat and admitted that the adhesive tape container was his. He also admitted that the tape, the pliers and the screw driver belonged to him but denied that they were in Groszek's .car. Goodwin's testimony was substantially the same as· Web-·ster's and he also· denied any knowledge of the Groszek car.

Defendant contends that the court erred in refusing to grant a continuance so that alibi witnesses .could be produced. As soon as the prosecution rested its case, defend-·ant moved for a continuance and an offer of proof··was made as to what certain alibi witnesses would testify. The court did· not rule on the motion but ordered the defense to proceed. After defendant and Goodwin had testified, the motion· for continuance was renewed and the court denied the motion. Thus, the trial judge did not rule upon the motion until it became apparent that the testimony of the absent witnesses would merely be cumulative to the alibi evidence that was already in the record. Under such circumstances the trial court did not abuse its discretion in the matter...*People* v. *VanNorman,* 364 Ill. 28.

: It is then contended by defendant that the· evidence was .insufficient to· establish his guilt. There was a direct· conflict in the testimony as to whether defendant and Goodwin were found in the stolen car. In such case the credibility of··the witnesses was for the trial judge· to· determine. (*People* v. *Pride,* 16 Ill.2d 82.) ·We are of the opinion that

the testimony of Groszek and the arresting officer that de-, fendant and Goodwin were found in the stolen car shortly after the theft was sufficient to establish their guilt. Recent, unexplained possession of stolen property is sufficient evidence to warrant a conviction. *People* v. *Litberg,* 413 Ill. 132; *People* v. *Pride,* 16 Ill.2d 82.

This leaves for consideration the contention that incompetent evidence was admitted. The evidence of which defendant complains is the testimony of Groszek that he assumed from the scratches on the bumpers of the cars that the Plymouth was used to push Groszek's car. Defendant contends that this "assumption" was erroneous and was not based on any competent proof. We are unable to see how this testimony could have prejudiced defendant. It was entirely immaterial whether the Plymouth had been used to push Groszek's car. According to Groszek and the police officer, defendant was found in the stolen car very shortly after it was stolen. As pointed out herein, this evidence, unexplained, was sufficient in itself to sustain the conviction.

Our review of the record satisfies us that defendant received a fair trial, free from prejudicial error. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*