THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY KING, Defendant-Appellant.

(No. 54722; ▮▮▮▮▮▮▮▮▮▮

First District—December 17, 1970.

Frederick F. Cohn, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Larry King, was charged with contributing to the sexual delinquency of a child in that he performed a lewd act on a 13 year old girl. After a bench trial, he was found guilty and sentenced to 9 months in the State Farm at Vandalia. While he has raised several issues on appeal, we consider it necessary only to consider his argument that the evidence was insufficient to prove him guilty beyond a reasonable doubt. The facts adduced at trial are as follows.

The 13 year old girl testified for the State that on the date in question she was in defendant's apartment with him. She was wearing a blouse and shorts; she had not disrobed. Nothing happened between her and the defendant.

The girl's mother, who had signed the complaint against defendant, testified that on November 6, 1969 at about 4:10 in the afternoon she went to defendant's apartment and knocked on the door. A boy's voice on the other side of the door requested permission of someone to answer the door. No response was made to the child. The boy inquired again, and defendant answered "No, wait." The boy did not wait but opened the door. As the witness entered the apartment she observed her daughter in a bedroom with defendant. Her daughter was at the foot of the bed

adjusting her shorts which were just below her waist. Defendant was lying on the bed fully clothed.

The arresting police officer testified that defendant told him that he was not doing anything except listening to the radio, and that the girl was on the other bed also listening to the radio.

After the court denied defendant's motion for a directed verdict, the 13 year old girl testified for the defense that at the time her mother entered the apartment her shorts were zipped and buttoned, and properly in place. She denied having to adjust her shorts.

Defendant testified on his own behalf that he was 20 years of age. He lived in an apartment with a person named Tim, and that Tim and the girl in question had been seeing each other. Tim and the girl had been at the apartment all morning; before the occurrence both left the apartment. The girl returned to the apartment alone looking for Tim. She was waiting for Tim when the mother arrived. Defendant also testified that when the mother entered the apartment he was lying on one bed in the room, while the girl was sitting on another bed in the same room. Both were listening to the radio. They were both clothed, and he never touched her. The other people in the apartment at the time of the mother's arrival were children of another occupant of the apartment.

In finding defendant guilty, the trial judge stated that the girl was found in a bedroom with defendant who was lying on the bed, and that this conduct constituted contributing to the sexual delinquency of the girl.

The complaint in the instant case charged defendant with contributing to the sexual delinquency of a child in that he performed a lewd act on a 13 year old girl, in violation of Ill. Rev. Stat. (1969) ch. 38 sec. 11-5(a)(4). That section provides:

"Any person of the age of 14 years and upwards who performs or submits to any of the following acts with any person under the age of 18 contributes to the sexual delinquency of a child:

*    *    *

(4) Any lewd act done in the presence of the child with the intent to arouse or to satisfy the sexual desires of either the person or the child or both."

It is incumbent upon the State to prove beyond a reasonable doubt each of the essential elements necessary to constitute the crime charged. *People v. Becker*, 414 Ill. 291, 111 N.E.2d 491 (1953); *People v. Davis*, 13 Ill.2d 211, 148 N.E.2d 771 (1958).

Thus to justify the conviction in the instant case, the State was required to prove beyond a reasonable doubt that defendant committed a lewd act. To meet that burden, the only evidence proferred by the

State was the testimony of the girl's mother. As the trial judge accurately summarized it, the extent of her testimony was that defendant and the girl were found in a bedroom together. Defendant, fully clothed, was lying on the bed, while the girl was adjusting her shorts. The only additional evidence was that the mother was unable to gain entrance into the apartment immediately. Clearly there was no evidence adduced that defendant committed a lewd act. Since one of the essential elements of the crime charged was not proved, the judgment must be reversed.

Judgment reversed.

DEMPSEY, P. J., and SCHWARTZ, J., concur.