THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN DEPOY, Defendant-Appellant.

(No. 54299;

First District—July 1, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Henry A. Hauser, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

After a bench trial, defendant was found guilty of murder and sentenced to a term of 14 years to 14 years and a day. He previously had been found guilty of the same charge, but, because of certain trial error, the Illinois Supreme Court reversed that conviction and remanded the cause of a new trial. (*People v. DePoy* (1968), 40 Ill.2d 433, 240 N.E.2d 616). From the second conviction, defendant appeals contending that he was not proved guilty beyond a reasonable doubt; that the court erred in excluding certain evidence; and that the calling of a certain witness as a court's witness was improper.

On July 16, 1966, defendant was the leader of a group of young men known as the Junior Scepters, while the deceased was a member of a group known as Simon City. On that date, the deceased was accosted by a number of the Junior Scepters. He was beaten with sticks, and died two weeks later as a result of the injuries sustained in the beating.

Thomas Sullivan testified for the State that as he approached the scene he observed a group of 25 to 30 persons. Among the group were five or six young men beating the deceased with sticks. He saw defendant with a stick in his hand, and saw him strike the deceased on the upper part of

his body four or five times. Deceased was lying on the ground, not fighting back. On cross-examination Sullivan testified that while he was sure defendant was present, he could not be sure that defendant was one of those beating the deceased.

The prosecutor then informed the court that another witness was present who had relevant information, but that the State could not vouch for the credibility of the witness. The prosecutor explained that at the prior trial the witness had testified that he saw defendant striking the deceased, but subsequently told a conflicting story to defense counsel. The judge then called Todd Wesol as a court's witness. Wesol testified that defendant was present at the scene, and had a stick in his hand. He observed defendant striking deceased about the shoulders with the stick, which he described as a "two by two." He stated that he had made these statements under oath before and that this was the truth. He admitted that he voluntarily gave a statement to defense counsel at the latter's office in which he said that defendant was not involved in the beating. He gave that statement to help defendant, and it was not the truth.

Doctor Joshua Spiegel, a neurosurgeon, testified by stipulation that the victim died of head injuries, and that the injuries could have been inflicted by a "two by two" wooden stick.

Defendant testified that he was president of the Junior Scepters, and was at the scene. However he denied participation in the beating, and stated that he tried to stop the fight. He ran from the scene before the attack was completed. Two defense witnesses testified that defendant was present, but they did not see him strike anyone.

■■  Defendant first maintains that he was not proved guilty of murder beyond a reasonable doubt. We do not agree. It was uncontradicted that he was present at the scene of the killing. And from the testimony adduced by the State, the trier of fact could properly decide that defendant had a stick in his hand, and that he participated in the beating which caused death. This court is further persuaded in that determination by the comment made by our Supreme Court when substantially the same evidence was reviewed after the first trial. (*People v. DePoy, supra.*) At p. 439, the court stated:

> "While defendant argues his guilt was not established beyond a reasonable doubt, we believe the proof, if believed by the jury, sufficient to warrant a finding of guilty."

■■  Nor do we find merit in defendant's contention that even if the State's evidence were accepted, it was sufficient to establish voluntary manslaughter but not murder. The evidence did not reveal any provocation on the part of the deceased, but rather that defendant deliber-

ately participated in the killing of a boy who offered no resistance.

Defendant next argues that the trial court committed reversible error in excluding certain evidence. Defense counsel called a police officer as a witness and asked him to relate a conversation which he had with the victim at the hospital subsequent to the beating. The court sustained the State's objection. Defense counsel then made an offer of proof that, if permitted to testify, the officer would have stated that the victim told him that the defendant was not involved in the beating.

■■■ The nature of the proposed question called for an answer consisting of an out-of-court declaration by another where the declaration was asserted to show the truth of the matter, and thus depended for its value upon the credibility of the out-of-court declarant. Such a statement is hearsay testimony. (*People v. Robinson* (1970), 46 Ill.2d 229, 263 N.E.2d 57.) Hearsay testimony is generally excluded. (*People v. Hannah* (1964), 54 Ill.App.2d 218, 203 N.E.2d 764.) And it is excluded for the good reason that the real value of those out-of-court declarations cannot be determined because the source of the assertion is not present to be cross-examined by the party against whom it is being offered. (*People v. Carpenter* (1963), 28 Ill.2d 116, 190 N.E.2d 738.) Hearsay testimony may be admissible if it falls within one of the exceptions to the general rule of exclusion. (See C. McCormick, Law of Evidence § 230—299.) One such exception is a dying declaration. A dying declaration is a statement by the victim about the cause and circumstances of a homicide, made under a fixed belief that he is about to die. (*People v. Tilley* (1950), 406 Ill. 398, 94 N.E.2d 328.) To qualify as a dying declaration, there must be a showing by the moving party that the victim knew the fatal nature of his injuries. (*People v. Beier* (1963), 29 Ill.2d 511, 194 N.E.2d 280.) The instant record is completely silent as to whether, at the time of making the statement, the victim had been told that his wound was mortal or that he was aware that he was going to die. We find, therefore, that the court properly excluded the testimony. Nor do we find persuasive defendant's argument, made without citation of authority, that the exclusion of the hearsay testimony constituted a denial of his due process.

■■■ Defendant finally argues that the calling of Todd Wesol as a court's witness was reversible error. Where neither party is prepared to vouch for the credibility of an occurrence witness who has information relevant to a cause on trial, upon a proper foundation consisting of the reasons why the moving party cannot vouch for the witness, the court may call that witness as its own. (*People v. Moriarity* (1966), 33 Ill.2d 606, 213 N.E.2d 516.) In the case at bar, the State was unwilling to vouch for Wesol's veracity. The prosecutor explained that since

testifying at the first trial that he had observed defendant striking the victim, Wesol had given a conflicting statement to defense counsel. Thus a proper foundation was laid, and the court acted correctly in calling him as a court's witness.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.