THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* B. ALAN STONE, Defendant-Appellant.

(No. 58922;

First District (2nd Division)—December 4, 1973.

DOWNING, J., took no part.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

PER CURIAM:

B. Alan Stone, defendant, was charged with contributing to the sexual delinquency of a child in violation of Section 11—5((a)(3) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 11—5(a)(3)). After a bench trial, he was found guilty and fined $1,000. While defendant has raised several issues on appeal, we consider it necessary only to consider his argument that the evidence was insufficient to prove him guilty beyond a reasonable doubt.

At trial, the following evidence was adduced: Debbie Miller testified that she is 16 years of age and attends Brennan High School. On February 22, 1972, she went to the home of her friend, Valerie Annis, 10501 Ridgeway, Midlothian, Illinois. Valerie and her step-father, the defendant, got into an argument over whether Valerie would fix dinner. Valerie took a pan of water off the stove and threw it at defendant. Defendant then chased Valerie into the living room. A struggle ensued with defendant and Valerie ending up on the floor. Defendant had his forearm across Valerie's breast and his hand between her legs on her crotch. As Valerie struggled, defendant kept her in that position for approximately five minutes. When Valerie agreed to stay home and fix dinner, defendant released her. Both Valerie and defendant were fully clothed at all times.

Valerie Annis testified that she is 16 years of age and attends Morgan Park High School. On February 22, 1972, she was 15 years of age and resided with her mother and step-father, the defendant, at 10501 Ridgeway, Midlothian, Illinois. On that date, a fight developed with defendant over whether she was going to fix dinner. She was in the kitchen when defendant brushed up against her as she was standing by the sink. She took a pan of cold water off the stove and threw it at defendant, who chased her into the living room. A struggle ensued, with both her and the defendant ending up on the floor. Defendant attempted to take her over his knee and spank her. Defendant then put one hand across her breast and the other hand on her crotch. Defendant kept her in that position for three, four or five minutes and finally released her after she agreed to fix dinner. She immediately went to her bedroom and slipped out the window. She was fully clothed during the incident. Later in the evening, she phoned her mother and told her what had occurred.

The following day, she went to the Midlothian Police Department and informed Officer Sickler of what had occurred.

Detective Sickler of the Midlothian Police Department testified that on February 23, 1972, he had a conversation with Valerie Annis. At that time, Miss Annis stated that she had a fight with her stepfather, during which defendant made improper advances toward her. Miss Annis stated that defendant felt her genital area and her breasts.

B. Alan Stone, defendant, testified that he is 49 years of age and is the step-father of Valerie Annis. On February 22, 1972, he had an argument with Valerie in the kitchen of their home as to whether or not Valerie was going to fix dinner. Valerie picked up a pan containing water off the stove and threw it at him. He chased Valerie into the living room and restrained her for three to five minutes. During the struggle, both he and Valerie fell to the floor. Defendant restrained her until she agreed to fix dinner. Defendant stated that he did not at any time knowingly put his hand on her breast or crotch area. Defendant stated that it was possible that he had put his hand on her crotch in his attempt to restrain her.

■■ In reviewing a conviction for the offense of contributing to the sexual delinquency of a child, a reviewing court is charged with a special duty to exercise the utmost caution and circumspection in scrutinizing the sum and substance of the evidence upon which the conviction is predicated. The charge of contributing to the sexual delinquency of a child, like the charge of rape, is easily made, difficult to prove and oft times even more difficult to disprove. *People v. Pointer*, 6 Ill.App.3d 113, 285 N.E.2d 171; *People v. Bryant*, 123 Ill.App.2d 35, 259 N.E.2d 638.

In the case at bar, the defendant was charged with contributing to the sexual delinquency of a minor in violation of Ill. Rev. Stat. 1971, ch. 38, par. 11—5(a)(3). That section provides:

> "Any person of the age of 14 years and upwards who performs or submits to any of the following acts with any person under the age of 18 contributes to the sexual delinquency of a child:
> "*   *   *   (3) any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both;   *   *   *."

■■ It is incumbent upon the State to prove beyond a reasonable doubt each of the essential elements necessary to constitute the crime charged. (*People v. King*, 131 Ill.App.2d 557, 266 N.E.2d 534.) To justify conviction in the case at bar, the State was required to prove beyond a reasonable doubt that defendant committed a lewd fondling or touching of a child with the intent to arouse or satisfy the sexual desires of the

child or himself or both. The testimony of Debbie Miller and Valerie Annis established that during an argument over whether or not Valerie was going to fix dinner, Valerie took a pan of water and threw it at defendant. Defendant chased her into the living room and a struggle ensued. During the struggle, both Valerie and defendant fell to the floor when defendant attempted to put her over his knee and give her a spanking. Defendant restrained her for several minutes until she agreed to fix dinner, at which time she was released. While on the floor, defendant had his forearm over her breasts and his other arm between her legs in the crotch area. During the entire incident, both Valerie and defendant were fully clothed. This evidence established that defendant, in attempting to restrain his step-daughter during a struggle, touched her breasts with his forearm and her crotch area with his other hand while both parties were fully clothed. There was no evidence adduced that the defendant committed a lewd fondling or touching with the intent to arouse the sexual desires of the child or himself. The State's evidence was insufficient to prove beyond a reasonable doubt each of the essential elements of the crime of contributing to the sexual delinquency of a child.

The judgment of the Circuit Court of Cook County is reversed.

Reversed.

Mr. JUSTICE DOWNING took no part in the consideration or decision of this case.