THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GAYDENE LYONS, Defendant-Appellant.

(No. 74-119;

Third District—March 24, 1975. ·

Paul L. Johnston, of Peoria, for appellant.

C. Brent Bode, State's Attorney, of Pekin (Jay Janssen, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Tazewell County finding defendant, Gaydene Lyons, guilty of driving while her driver's license was suspended. After a bench trial defendant was fined $500 and sentenced to 60 days in the Tazewell County Jail.

The only issue on appeal is whether the trial court abused its discretion by denying a continuance to defendant and thereby denied defendant her right to counsel. On February 21, 1974, defendant appeared in court, was arraigned, advised of her right to counsel and that if she couldn't afford an attorney that one would be appointed for her, and of her right to a trial by jury. Defendant pleaded not guilty, waived her right to a jury and advised the court that she would retain private counsel. The court set the case for trial for April 2, 1974, at 10:30 A.M.

On April 2, 1974, the cause was called for trial. The judge, assistant State's attorney, arresting officer, defendant and her husband were present. Defendant requested that the court grant her a continuance on the basis that she had consulted attorney Wayne Harvey and he was not able to be present for the trial. Her statement in this regard is uncontradicted in that the State made no attempt to refute her testimony by contacting Mr. Harvey. In support of her statement she presented Mr. Harvey's business card. The People objected to the motion for continuance on the grounds that defendant had sufficient time between arraignment and trial date in which to procure counsel. Mr. Harvey had not entered an appearance on behalf of defendant and had not consulted the court or State's attorney's office regarding a continuance. The court inquired of the defendant if she had retained attorney Wayne Harvey by paying him a fee. She replied that she had not. Attorney Harvey's absence and failure to file an appearance could thus be explained by defendant's failure to pay him a fee. The court denied defendant's oral request for continuance. The cause proceeded to trial and defendant was found guilty.

Both parties cite *People v. VanNorman*, 364 Ill. 28, 2 N.E.2d 891, and *People v. Solomon*, 24 Ill.2d 586, 182 N.E.2d 736, for the rule that the granting of a continuance is within the discretion of the trial court and will not be disturbed in the absence of abuse of that discretion. The issue here is whether the trial court abused its discretion by denying a continuance to defendant and thereby denied her right to counsel.

■■ The People cite *People v. Hicks*, 125 Ill.App.2d 48, 259 N.E.2d 846, both for the rule that motions for continuances in criminal cases are to be addressed to the discretion of the court and are to be considered in

light of the diligence shown on the part of the defendant and in support for applying this rule to the instant case. We agree with the validity of the rule but not with its applicability to the case at bar.

■■ The *Hicks* case involved a proceeding for revocation of probation. Defendant's counsel was present and asked for a continuance with regard to a hearing in aggravation and mitigation. The attorney made no statement as to what he intended to prove in mitigation if the continuance were granted and the trial court denied the continuance. The case at bar concerns a trial on the charge of driving with suspended license in which defendant was forced to defend herself. This was the first request for a continuance, no attorney was present, and evidence was presented upon which the court could have concluded she did exercise diligence in acquiring an attorney. Defendant testified she had contacted an attorney and she presented the business card of this attorney. Although such evidence is certainly not conclusive that she had in fact hired a lawyer, the fact that there was evidence defendant hired an attorney, the State failed to refute this evidence by contacting such attorney and this was defendant's first request for a continuance warrants our conclusion that the trial court abused its discretion in denying defendant's motion and thereby denied defendant of her right to counsel.

For the foregoing reasons the judgment of the circuit court of Tazewell County is reversed and remanded with directions that defendant be granted a new trial.

Reversed and remanded with directions.

STENGEL and BARRY, JJ., concur.