THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
AARON PINKSTON, Defendant-Appellant.

Third District    No. 75-380

Opinion filed December 13, 1976.

STOUDER, J., dissenting.

Robert Agostinelli and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (William Ford, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Aaron Pinkston appeals to this court from a conviction, and consequent judgment, of guilt on charges of armed robbery and kidnapping, following a jury trial in Will County. Defendant was sentenced to concurrent terms in the penitentiary of 30 to 60 years for armed robbery and 3 to 10 years for the kidnapping. The sentences were to run consecutively following a sentence which defendant is serving for an unrelated offense.

From the record it appears that defendant was indicted on October 17,

1974, in the Will County Circuit Court. He pleaded not guilty on October 25, 1974, and a trial date was set for January 6, 1975.

Defendant was represented by retained private counsel until the first part of December 1974. At that time, on December 9, 1974, the State's Attorney and defendant appeared in court and reported to the court that defendant's retained counsel was expected to present a motion to withdraw on December 17, 1974. Such motion was made on December 17, 1974, and was granted by the court. The retained counsel gave defendant all of the discovery information which had been received from the State. The trial court continued the case for one week to permit defendant the opportunity to obtain other private counsel. At that time the court observed that the trial date of January 6, 1975, might not be feasible with newly acquired counsel for defendant, and that if the trial were not held on the previously set date of January 6, 1975, it might not be reached until sometime in April. On December 24, 1974, defendant appeared in court without counsel. At that time, the trial court denied defendant's pro se motion for a continuance, but appointed the public defender to represent defendant, and directed the clerk to notify the public defender of his appointment. On the same day, the clerk filed the notice of appointment and called the public defender advising him of the appointment. At the conclusion of the December 24 hearing, the assistant State's Attorney suggested that a hearing be held on December 27, 1974, but the trial court determined to wait until he heard from the public defender.

The public defender appeared in court with defendant on January 3, 1975, and presented a motion for continuance. The public defender stated he had interviewed defendant for only 1½ hours and had not been able to establish a sufficient attorney-client relationship with defendant, and had not yet seen the discovery obtained from the State consisting of a 6-inch-thick sheaf of documents. The trial court observed that the public defender had great experience in reading police reports and that the issues in the case were not complicated. In an effort to help the public defender in his preparation, the court asked the assistant State's Attorney to give the public defender the names of witnesses actually expected to be called and a summary of the testimony of such witnesses. The trial court also ordered the State to make available all of the State's witnesses for interview by the public defender. The trial court, at the conclusion of the January 3 hearing, denied the motion for a continuance.

On January 6, 1975, the trial court heard and denied a defense motion for a change of the place of the trial. Defense counsel presented a motion for continuance on the grounds that defendant had a possible defense of insanity and that further time was needed to prepare the defense. The motion was supported by defendant's affidavit that he had been

hospitalized in the care of two psychiatrists in 1969 and 1970 and that he suffered from headaches during the months before and after the alleged offenses. The trial court then reviewed medical records from the Department of Corrections which demonstrated that defendant had been examined by psychiatrists with the Department of Corrections, and that on three occasions from 1971 to 1974, defendant was found not to be suffering from any mental illness. Following such disclosure, the trial court denied the motion for continuance.

The trial of defendant began on January 6, 1975. Fourteen witnesses were produced by the State. Testimony concerning the armed robbery of a jewelry store by defendant came from two occurrence witnesses and the owner of the jewelry store who identified the stolen property. Testimony concerning the kidnapping came from four Joliet police officers and the hostage, all of such witnesses being occurrence witnesses. The remainder of the testimony concerned the collection, change of custody and identification of physical evidence. One piece of physical evidence was an enlarged photograph showing defendant holding a handgun at the head of a woman hostage. As we have noted, the jury returned verdicts of guilty against defendant on both offenses.

On appeal in this court, defendant contends that he was denied due process of law by being forced to trial by counsel who insisted that during the few days between his appointment and the trial date, he had lacked sufficient time to investigate the case against defendant and possible defenses.

■■ The granting of a continuance is within the discretion of the trial court. In absence of an abuse of discretion, a trial court's order granting or denying a continuance will not be disturbed. (*People v. VanNorman* (1936), 364 Ill. 28, 2 N.E.2d 891; *People v. Lyons* (3d Dist. 1975), 26 Ill. App. 3d 358, 325 N.E.2d 89.) As noted in the *VanNorman* case, factors to be considered in reviewing a denial of continuance, are, the gravity of the offense, the number and availability of the witnesses, the nature of possible defenses, and other relevant circumstances.

In the instant case, the offenses of armed robbery and kidnapping were clearly shown. All the witnesses who were called by the State were made available for interview by defense counsel. The trial court reviewed defendant's claim of possible defense of insanity and found it not sufficiently meritorious to warrant a continuance for further exploration. The court, also, was aware of the fact that defendant was not lacking counsel, since, until mid-December of 1974, he had been represented by retained counsel, and such retained counsel was available to examine the possible defenses of defendant. Such counsel had also turned over to defendant the material which was obtained from the State by way of discovery. Defendant in his brief in this court contends that the trial court

embarrassd him in his defense by not giving him time to investigate the insanity defense. From the record, however, it is clear that defendant had no basis for such a defense, since he had been examined several times, after the times he had referred to by a psychiatrist during the three-year period prior to the commission of the instant offenses and was found not to be suffering from any mental illnesses. Nothing in the motion presented by defendant would indicate that the defense of insanity was a viable defense in this case. The Supreme Court of this State has affirmed the convictions of defendants in a number of cases paralleling the instant case where a continuance was denied and in which the courts found there was no abuse of discretion. See *People v. Lyons* (3d Dist. 1975), 26 Ill. App. 3d 358, 325 N.E.2d 89; *People v. Solomon* (1962), 24 Ill. 2d 586, 182 N.E.2d 736.

Before it could be held that a motion for continuance based on a lack of preparedness has been improperly denied or that the court abused its discretion in denying such continuance, it must appear that the refusal to grant additional time has in some manner embarrassed the accused in his defense and thereby prejudiced his rights. (*People v. Ritcheson* (1947), 396 Ill. 146, 71 N.E.2d 30.) We find no such prejudice in the instant case relating to defendant's counsel. The trial commenced on the scheduled date of January 6, 1975, approximately eleven weeks after arraignment. Retained counsel was active for defendant until December 17, 1974, when that counsel was given leave to withdraw. The court also tried to facilitate the preparation of defendant's case, and expressed confidence in the ability of the public defender to properly represent defendant. The public defender performed competently throughout the trial and while representing the defendant. He filed and argued motions for a change in the place of trial and handled the trial of the case in a very capable manner. To the extent that defendant may not have had the attention which he desired, such circumstance arose from defendant's lack of cooperation with his counsel.

In any event, it is clear that defense counsel was adequately prepared to try this case. The evidence of guilt was overwhelming, and the only issue of any possible defense arose from the contention made by defendant that he had a possible insanity defense, which the trial court properly found to be deficient.

For the reasons stated, therefore, the judgments and sentences imposed by the trial court are affirmed.

Affirmed.

BARRY, J., concurs.

Mr. JUSTICE STOUDER, dissenting:

I respectfully disagree with the majority's position that the defendant was afforded due process of law. In my opinion the refusal of the trial court to grant the continuance constituted an abuse of discretion.

On December 17, 1974, the trial court granted the motion of defendant's private counsel to withdraw from the case and continued the case for one week to allow defendant to retain other private counsel. The private counsel's motion to withdraw was premised on the conflict between the defense strategy proposed by the persons paying his fee and that desired by defendant. The nature of the conflict is not disclosed by the record, but the attorney felt it so serious that he could not in good conscience continue to represent the defendant.

If the defendant failed in his efforts to obtain private counsel during the one-week continuance, the court would appoint the Public Defender. While the trial court expressed an interest in having the case proceed to trial on January 6, as originally scheduled, the court reassured the defendant several times that defendant and his counsel would decide whether or not the defense was sufficiently prepared to have the case proceed to trial on January 6. The statements made by the court in reassuring the defendant are as follows:

> "[I]f you haven't got you're [substitute private] lawyer in a week, I will appoint the Public Defender, and have him talk with you, and have him decide whether or not he will be prepared to go to trial on January 6th.
>
>       ✸  ✸  ✸
>
> [I]t will be the responsibility of you and the Defender to decide whether or not you can go to trial on January 6.
>
>       ✸  ✸  ✸
>
> But I want you to understand now that if you and the Defense decide that your not ready to go to trial on January 6, we have got to be talking about some time in April for a trial.
>
>       ✸  ✸  ✸
>
> Now you and he are going to have to decide whether or not you can go to trial thirteen days after he gets in the case. That will be your decision."

The Public Defender was appointed on December 24, 1974. On January 3, 1975, the Public Defender presented a motion for continuance and revealed to the court the existence of a possible insanity defense. The additional time requested in the motion was needed in part to investigate the extent of such a defense. Despite the assurances previously set forth and a possible affirmative defense of insanity, the court denied the motion. However, the court did say that if over the weekend the defense

decided to raise insanity as a defense, it would continue the case on Monday for preparation of the defense.

On Monday, January 6, defense counsel renewed his request for a continuance and presented defendant's affidavit that Colorado authorities had hospitalized defendant in the care of two psychiatrists in 1969 and 1970 and defendant had suffered from headaches during the months before and after the alleged offense. The court then requested and received a report from the Department of Corrections about defendant. The report stated that defendant had been examined by psychiatrists with the Department of Correction on three separate occasions between 1971 and 1974 and was found each time not to be suffering from any mental illness. Based upon this report the trial court denied the motion and the case proceeded to trial later in the same day. At trial defendant called no witnesses on his behalf.

The majority correctly cite *People v. VanNorman*, 364 Ill. 28, 2 N.E.2d 891, for the generally accepted rule that the granting of a continuance is within the discretion of the trial court and will not be disturbed in the absence of an abuse of discretion. However, the issue lies not with the rule, but with whether the trial court's conduct, when joined with the previously quoted statements, constitutes the abuse of discretion that is proscribed by the rule. The defendant was entitled to rely on the assurances of the trial court that the case would be continued if defendant and his counsel were not ready for trial. A trial court cannot make statements which lulls the defendant in believing certain alternatives remain to him and then prohibit the defendant from exercising an alternative previously authorized. The defendant was assured on December 17 that the mere nearness of trial would not limit his ability to communicate with appointed counsel. It was not until Friday, January 3, three days before the beginning of trial on Monday, January 6, that defendant learned the trial court had changed its mind. Certain similarities exist in the case of *People v. Brown*, 13 Ill. App. 3d 277, 300 N.E.2d 831, which support the position that the trial court in the instant case abused its discretion.

In *Brown* the State waited for 77 days, until 20 days before trial, before responding to a request to produce a list of 28 prospective witnesses. The State agreed not to object to a defense request for a continuance to be presented on the day of trial. However on the court date, the prosecutor answered that he was ready for trial with his witnesses present. The trial court then denied defendant's motion for a continuance. The appellate court, finding that the denial of a continuance had worked to defendant's substantial prejudice, held that the trial court had abused its discretion in not continuing the case as the State's Attorney had previously agreed to. If the failure of the prosecution to honor its commitment resulted in an

abuse of discretion in the *Brown* case, how can the failure of the trial court in the case at bar to comply with its own representations be any less so.

The majority states that before there can be any finding of an abuse of discretion, it must appear that the refusal to grant additional time has in some manner embarrassed the defendant in his defense and thereby prejudiced his rights. I believe that defendant was embarrassed in his defense by the trial court's refusal to grant defense counsel sufficient time to investigate the insanity defense. The trial court's action meant, in effect, that defendant would present no defense since the details of the incident were not disputed. That the trial court made occurrence witnesses available to defense counsel for questioning before trial, was of little value, because the testimony of each witness was known to the defendant and defendant did not intend to contradict this testimony at trial.

The potential insanity defense was summarily rejected by the trial court based on a psychiatric examination that had occurred prior to the incident involved. Apart from any question of the credibility of these reports, use of these earlier psychiatric examinations to defeat assertions of defendant's insanity on the date of the robbery poses significant relevancy problems to me. The bizarre circumstances of the incident, as demonstrated in part by the well publicized picture of defendant holding a gun at the head of a robbery victim, at least suggests some mental infirmity. While such an infirmity might not have entitled defendant to acquittal, it was sufficient to warrant further attention.

The minimum contact the Public Defender had with his client could hardly be deemed sufficient to investigate and evaluate a potential insanity defense. The defendant's rights were prejudiced when the trial court denied defendant's motion for a new trial. In summary, I believe the trial court abused its discretion in denying defendant's motion, and thereby denied defendant his right to effective assistance of counsel. The cause should be reversed and remanded for a new trial.