THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THEODORE FEULING, Defendant-Appellant.

First District (1st Division)    Nos. 79-1508, 79-1509 cons.

Opinion filed October 6, 1980.

Edward A. Warman, Ltd., of Skokie, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Myra J. Brown, and Adam N. Stillo, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:
This case concerns a Boy Scout initiation known as a "lollipop initia-

tion" in which a blindfolded boy would be made to kiss the bare hand or arm of a scout. At the same time, another scout would remove his trousers and bare his buttocks, so that the one being initiated, upon removal of his blindfold, would be under the impression that he had actually kissed a bare buttocks. The two initiates involved were Joseph Frasier and Matthew Oramis.

Defendant Theodore Feuling, for several years a volunteer Boy Scout leader, was charged and convicted in a bench trial of two counts alleging violation of section 11—5(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 11—5(a)(3)), which provides in pertinent part:

> "(a) Any person of the age of 14 years and upwards who performs or submits to any of the following acts with any person under the age of 18 contributes to the sexual delinquency of a child:
>
>       \*   \*   \*
>
> (3) Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both."

Defendant was sentenced to Social Service Supervision for one year.

Defendant in each case was charged with contributing to the sexual delinquency of a child in that he performed with each boy a lewd touching done with the intent to arouse the sexual desires of defendant and the boy. The State contends that the evidence shows that defendant performed a lewd touching of the boys with the necessary intent to arouse either their sexual desires or his own. Defendant argues to the contrary. We agree with defendant and reverse.

In reviewing the record, we have kept in mind the principle stated in *People v. Pointer* (1972), 6 Ill. App. 3d 113, 118, 285 N.E.2d 171, *appeal denied* (1972), 52 Ill. 2d 599:

> "[A] reviewing court is charged with a special duty to exercise utmost caution and circumspection in scrutinizing the sum and substance of the evidence upon which a conviction for a sex offense is predicated."

"Initiation" is defined in Webster's Third New International Dictionary (1961) as "the rites, ceremonies, ordeals, or instructions with which one is made a member of a sect or society or is invested with a particular function or status (the college fraternity has a scheme of ruthless mock initiations—C. W. Ferguson)" and "initiate" as "to receive or induct into membership of a society, club, or group, or into a certain status by or as if by special rites or formalities (initiated into a social fraternity)."

Hazing is a form of initiation. It is defined in Webster's Third New

International Dictionary (1961) as "an attempt to embarrass or disconcert by ridicule or persistent criticism" and "the subjecting (as of a freshman or fraternity pledge) to treatment intended to put in ridiculous or disconcerting position." The verb "haze" is defined in Webster's New International Dictionary (2d ed. 1934) as "in schools, colleges, etc., to harass or annoy by playing abusive or ridiculous tricks upon, as in initiations." The American Heritage Dictionary of the English Language (1969) defines the verb "haze" as "to initiate (as into a college fraternity) by exacting humiliating performances from or playing rough practical jokes upon." Webster's Third New International Dictionary (1961) defines the verb "haze" as "to harass or try to embarrass or disconcert by banter, ridicule, or criticism" and "to subject (as a freshman or a fraternity pledge) to treatment intended to put in ridiculous or disconcerting positions."

The record shows the following: Joseph Frasier, age 14, testified that he and Matthew Oramis were involved in a lollipop initiation on a camping trip. In it, he (Frasier) was blindfolded by some of the scouts and told by defendant to stick out his tongue. When he stuck out his tongue, somebody's hand or something went past his mouth. He didn't know what it was; it felt like somebody's butt. His blindfold was then removed and he saw one of the scouts pulling his pants off in front of his face. He saw Matthew Oramis also initiated that day. Matthew was also blindfolded and he (Frasier) saw a boy (Brent) put his butt in Matthew's face. He saw Brent have his rear end touch Matthew's face. Defendant was present watching; he was the director.

On cross-examination, he testified that defendant and his assistants were conducting the initiation. He further testified that he saw Brent go over in front of Matthew with other scouts and the scout leaders sitting there. Matthew didn't kiss any part of Brent's body. Somebody put Brent's butt against Matthew's tongue. They didn't put anybody's arm in front of it before. Matthew did not touch any other part of Brent's body. He further testified that he is not familiar with the lollipop initiation; he has seen it only once. He does not know whether, under the initiation, the one blindfolded is supposed to think that he is kissing somebody's butt.

Matthew Oramis, age 11, testified that he was in the lollipop initiation. He ran in the bathroom and they started busting down the door. He was grabbed, held down and all his clothes removed. The junior scoutmaster and the scouts started touching him. In the lollipop initiation, he was blindfolded and the defendant told him to stick out his tongue. He felt some skin on his tongue; he didn't know what it was. Defendant's pants were down and defendant's butt was in his face. He had been in these initiations about twice before.

On cross-examination, he testified that the trick of the initiation is to

make you think you are kissing somebody's butt. He didn't think that they really had the kids touch the butts. When they took off his (Matthew's) blindfold, defendant's butt was less than a foot away from him.

Devlin Jackson, age 13, testified he saw the lollipop initiation on the camping trip. In that initiation they held you down, blindfolded you and somebody sticks his butt in your face. He saw Joseph Frasier initiated that way. Defendant was the one who put his butt in Frasier's face.

On cross-examination, he testified that in the lollipop initiation the boy is blindfolded, told to stick out his tongue and somebody puts an arm or hand in front of the tongue. Then they put a boy in front of the one being initiated and the boy bends over and drops his pants. Then they take off the blindfold on the one being initiated and he thinks he has kissed somebody's butt. It's all a joke. The person whose butt was exposed in this initiation was right in front of the boy. He didn't quite know if it would be six inches. That person would stay there a few minutes. The witness didn't think he was initiated on that day, but he was watching other initiations. Those initiated sometimes go through different things.

Mark Doone, the assistant scoutmaster of the troop, testified that in a lollipop initiation a boy sits down, is blindfolded and licks the hand of another person and then, as the blindfold is removed, a boy is standing in front of him who has his pants pulled down and is "mooning" the boy. He is a couple of feet away. There is never any contact made between the buttocks and the boy sitting down.

Roger Falk, the boy scout troop committee chairman for a little over a year, testified that he had seen a lollipop initiation when Devlin Jackson or Joe Frasier was there. It was never defendant's butt which was exposed; it was a boy's, not a man's. He did not think Matthew Oramis ever went through that initiation. Joseph Frasier did. When asked whether the person's butt ever touched his face, he stated that there was an incident where one of the older scouts did push the boy whose rear end was exposed and defendant stopped any contact between the boys by putting out his hand so that the boy's butt would not make contact with the other boy's face. It did not make contact. He thinks Devlin Jackson was the boy whose butt was exposed at the time. At that initiation nothing ever occurred other than a butt being exposed to the boy when he took off the blindfold. There was no touching.

On cross-examination, he testified that he had witnessed the lollipop initiation on three outings. He couldn't tell exactly who thought up the lollipop initiation. It was part of the troop when he came into the troop with his son more than a year ago.

Joseph Barsh, age 12, a member of the troop for a year and three months and senior patrol leader, testified that the purpose of the lollipop

initiation is just for fun. He was present at Joseph Frasier's initiation. They made him lick somebody's hand and another boy "mooned" and they made him (Frasier) think he licked his butt and then they explained the whole thing to him. There was no touching between the butt and the face or tongue of the boy. The boy "mooning" would be maybe three feet away. He did not know who "mooned" Joseph. It was a boy; it never was a scout leader. He has seen the lollipop initiation twice and there never was any touching between the buttocks and the face and tongue of the boy. Defendant has never dropped his drawers and "mooned" any of these boys.

On cross-examination, he testified that he had never seen defendant participate in any of the lollipop initiations. Defendant was present at the ones the witness saw, but never participated.

The parties further stipulated that an unnamed witness would testify that there was no touching of any kind.

This court, in reversing a conviction under this subsection, stated in *People v. Stone* (1973), 15 Ill. App. 3d 926, 928-29, 305 N.E.2d 645:

"In reviewing a conviction for the offense of contributing to the sexual delinquency of a child, a reviewing court is charged with a special duty to exercise the utmost caution and circumspection in scrutinizing the sum and substance of the evidence upon which the conviction is predicated. The charge of contributing to the sexual delinquency of a child, like the charge of rape, is easily made, difficult to prove and oft times even more difficult to disprove. *People v. Pointer*, 6 Ill. App. 3d 113, 285 N.E.2d 171; *People v. Bryant*, 123 Ill. App. 2d 35, 259 N.E.2d 638.

\* \* \*

It is incumbent upon the State to prove beyond a reasonable doubt each of the essential elements necessary to constitute the crime charged. (*People v. King*, 131 Ill. App. 2d 557, 266 N.E.2d 534.) To justify conviction in the case at bar, the State was required to prove beyond a reasonable doubt that defendant committed a lewd fondling or touching of a child with the intent to arouse or satisfy the sexual desires of the child or himself or both."

Something more must be established than what the record here shows to constitute a violation of section 11—5(a)(3) of the Criminal Code of 1961. There was no evidence that the buttocks were actually kissed nor that any sexual parts of the body of any person were even exposed, touched or fondled. There was no evidence of sexual intent or activity. The evidence shows that all of the acts were part of a Boy Scout initiation ceremony. There was no lewd fondling or touching of anyone with the intent to arouse or satisfy the sexual desires of either the boy or of the defendant.

■■ Even taking it as true that defendant's butt actually touched the faces

of the two boys, we cannot see how it could be said to have been with the intent to arouse or satisfy the sexual desires of either the boys or the defendant. To the boys it was a joke which would, if anything, arouse revulsion rather than sexual desire. As to the defendant, there was no involvement of the sexual organs of him or of the boys. Certainly, defendant's actions, while they could be characterized as crude and irresponsible, were done in a Boy Scout initiation and cannot be interpreted as the necessary intent to arouse or satisfy his sexual desires or that of the boys. Defendant did not violate section 11—5(a)(3) of the Criminal Code of 1961.

■■ Defendant also contends that the State of Illinois lacked jurisdiction to prosecute him because the evidence shows the acts complained of took place wholly on a camping trip in the State of Michigan. The evidence was conflicting as to whether it took place in Michigan or at 9400 West Irving Park Road (Schiller Woods) in Cook County, Illinois. For that reason, the credibility of the witnesses and the resolution of the conflict were for the trial judge. (*People v. Webster* (1959), 17 Ill. 2d 177, 161 N.E.2d 104, *cert. denied* (1959), 361 U.S. 920, 4 L. Ed. 188, 80 S. Ct. 267; *People v. Cross* (1979), 77 Ill. 2d 396, 396 N.E.2d 812, *cert denied, sub nom. Thomas v. Illinois*, 445 U. S. 929, 63 L. Ed. 2d 762, 100 S. Ct. 1316.) We have examined the record and find that jurisdiction was properly found to be in Illinois.

■■ Defendant further argues that the minor witnesses were not proved qualified and competent to testify. We have examined the record and cannot say that the court abused its discretion in finding that they were qualified and competent. See *People v. Keesee* (1977), 47 Ill. App. 3d 637, 365 N.E.2d 53.

The convictions and sentences of the circuit court of Cook County are reversed.

Reversed.

McGLOON and CAMPBELL, JJ., concur.