The People of the State of Illinois, Plaintiff-Appellee, *v.* Clarence Brown, a/k/a Charles Taylor, Defendant-Appellant.

(No. 57005;

First District (4th Division)—July 11, 1973.

James J. Doherty, Public Defender, of Chicago, (Michael Weininger, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and Mark T. Zubor, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Clarence Brown, was charged with the offense of murder. After a jury trial, he was convicted and sentenced to serve not less than 100, nor more than 150 years in the Illinois State Penitentiary. Defendant appeals his conviction and presents the following issues for our review:

1. Whether defendant was denied due process of law when the trial judge denied defendant's request for a continuance;

2. Whether defendant was denied due process of law when the trial judge refused to allow defendant to present an insanity defense;

3. Whether defendant was denied due process of law when the trial judge denied defendant's motion for substitution of judges without a hearing;

4. Whether defendant was denied due process of law when the trial judge conducted a competency hearing without impaneling a jury;

5. Whether defendant was denied equal protection of the law when the trial judge denied his request for a continuance but indicated that the request would be treated differently if the defendant were not in custody; and

6. Whether defendant was denied a fair trial when the court refused to instruct the jury on the issue of involuntary manslaughter.

The facts are as follows:

On October 20, 1970, at approximately 2:35 A.M., Julius Stepter was in a candy store located at 749 S. Kedzie Avenue, in Chicago, when defendant entered the store and poured gasoline over Mr. Stepter. The gasoline ignited and Mr. Stepter subsequently died of his injuries. There was some dispute at trial as to whether defendant lit a match which ignited the gasoline on Mr. Stepter, or whether a space heater in the room set off the flames.

Defendant was indicted for murder on December 17, 1970, and was arraigned on December 23, 1970, at which time his counsel filed his appearance. On February 8, 1971, defendant filed a motion for discovery and inspection and the court at that time ordered the State to comply with the discovery request.

From February 8, 1971, until May 18, 1971, when the defendant was ordered to trial, there were four requests for continuances, one by the court's own motion, two continuances at defendant's request and the fourth continuance by agreement between the State and defendant. On May 18, 1971, the State first requested leave of court to file its response to the discovery motion and order of February 8, 1971. The response

consisted of a list of 28 witnesses and a request of the defense for a notice of any alibi defense. The State refused to answer 9 of the 17 requests in the original defense motion. This response by the State was mailed to defense counsel on April 26, 1971, and was received on April 28, 1971, 20 days before the court ordered defendant to proceed to trial.

Defense counsel stated that upon receiving a list of witnesses from the State, he immediately hired a private investigator to interview the witnesses. An affidavit of the investigator was filed in a written request for a continuance in which the investigator stated that he was hired one day after defense counsel received the list of the State's witnesses, but that he could not complete his investigation of the 28 witnesses in the short time allotted.

Defense counsel requested a continuance on May 18, 1971, based upon the short interval of time allowed to investigate the list of witnesses. He further informed the court that in the past three weeks he had tried three jury cases, appeared in two appellate cases and had in fact just finished a jury trial in the late hours of May 17, 1971. Counsel for defendant also related that when he had informed the prosecutor prior to trial that he would not be prepared, the prosecutor told him, "I will give you anything you want—don't worry about it." However, once in court, the prosecutor answered ready for trial.

Defense counsel also explained to the trial judge in his argument for a continuance, that he had two cases with earlier indictments than defendant's pending before the trial court and that he was ready on those cases. The trial judge responded that he wasn't concerned with those cases because those defendants were on bond while defendant in the instant case was incarcerated. The trial judge then denied defendant's motion for a continuance and called a jury.

During the *voir dire* examination, the issue of defendant's competency arose and an examination of defendant was ordered. After a psychiatric examination on May 19, 1971, and a competency hearing on May 20, 1971, defendant renewed his earlier request for a continuance. It was again denied. The trial court at that time found that defendant was competent to stand trial and rejected defense counsel's attempt to offer an insanity defense. The trial court also denied defendant's motion for a substitution of judges. The hearing of the trial witnesses began on May 21, 1971, and at that time it was revealed that defense counsel was so exhausted from other matters that he was required to bring in another attorney, who was almost totally unfamiliar with the case, to assist him. At the conclusion of the trial, the court denied defendant's motion for an instruction in involuntary manslaughter and the jury subsequently returned a verdict finding defendant guilty of murder. Judgment on the

verdict was entered and defendant was sentenced to serve from 100 to 150 years in the Illinois State Penitentiary. It is from that judgment that defendant appeals.

Defendant's initial contention on appeal is that the trial court erred by denying defendant's request for a continuance which was necessitated by the State's filing of a list of 28 witnesses, 20 days prior to trial.

■■ The disposition of a motion for a continuance rests within the sound discretion of the trial court. (Ill. Rev. Stat. 1971, ch. 38, par. 114—4(e); *People v. Davis,* 45 Ill.2d 514, 261 N.E.2d 314.) Where on review, however, it is found that there has been an abuse of discretion in denying a motion for a continuance, and the accused is prejudiced by such denial, the judgment of conviction must be reversed and the cause remanded for a new trial. (*People v. Kenzik,* 9 Ill.2d 204, 137 N.E.2d 270; *People v. McNeil,* 102 Ill.App.2d 257, 243 N.E.2d 576.) Whether there has been an abuse of discretion depends upon the particular facts of each case. *People v. Street,* 133 Ill.App.2d 536, 273 N.E.2d 172.

■■ On a charge of murder, every reasonable opportunity should be afforded a defendant to investigate the witnesses against him and to prepare his defense. (*People v. Crump,* 5 Ill.2d 251, 125 N.E.2d 615.) Due diligence in preparing for trial, however, is necessary and a dilatory request for a continuance should not be allowed. (Ill. Rev. Stat. 1971, ch. 38, par. 114—4(e); *People v. Conigilo,* 353 Ill. 643, 187 N.E. 799.) Nor should defense counsel be able to constantly delay trial by virtue of his employment in other cases.

In the case at bar, the trial court refused defendant's motion for a continuance, indicating that the court anticipated that "If I gave you six months [continuance] you would still come in with the same story [of not having had ample time to complete the investigation]." However, in *People v. Blumenfeld,* 330 Ill. 474, 489, 161 N.E. 857, 862, the Illinois Supreme Court considered a trial court's denial of defendant's motion for a continuance and held:

> "While it is highly important that justice should be speedily meted out and that criminals should be punished with celerity and dispatch, it is much more important that before punishment should be inflicted upon a person accused of crime, full opportunity should be given to place the court in possession of all the facts bearing upon the question of the guilt or innocence of the accused, so that the court and jury may ascertain the truth as to whether or not the person accused is, in fact, guilty of the crime. * * * A trial is a farce-indeed, is no trial at all,—if the defendant be not given an opportunity to prepare for trial,—which is but another way of saying 'an opportunity to be heard.' (*Schields*

*v. McMicking*, 23 Phil. 526.) Counsel when employed by a defendant are not required to neglect the business of clients by whom they have been previously retained."

■■ In the instant case, the record reveals that the prosecution delayed 77 days before filing its response to defendant's motion for discovery. Then just 20 days prior to the next court date of May 18, 1971, the State filed a list of 28 witnesses and the court then refused defendant's motion for a continuance to complete the investigation of those witnesses and insisted that the trial begin on that date. The prosecution had, prior to the May 18, 1971 court date, indicated to defense counsel that it would agree to a further continuance, but on the court date the prosecutor was ready with his witnesses for trial. The record further indicates that defense counsel was not dilatory and that he filed his discovery motions on the first court date after arraignment. He immediately hired an investigator upon the receipt of the State's reply to his discovery motion. He informed the prosecutor in advance that he would require a continuance. Of the four continuances prior to May 18, 1971, the defendant was solely responsible for only two. Defense counsel informed the trial court that he had two earlier cases pending before the court and that he was prepared to proceed on those cases. The trial court nevertheless refused to grant defendant a continuance to allow completion of the investigation of his case. After review of the record in the case at bar, we must conclude that the trial court did abuse its discretion in denying defendant a continuance to properly investigate his case to defendant's substantial prejudice, and we reverse the judgment of the trial court and remand the cause for a new trial.

In light of our determination on the issue of the denial of defendant's motion for a continuance, we find it unnecessary to discuss the other points defendant raises on appeal.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby reversed and the cause remanded for a new trial.

Reversed and remanded.

BURMAN, P. J., and DIERINGER, J., concur.