THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ORLANDO JEFFERSON, Defendant-Appellant.

First District (4th Division) No. 61993

Opinion filed January 14, 1976.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, and Richard I. Michael, Graduate Law Clerk, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Orlando Jefferson, was charged by indictment with the offense of burglary. In a trial by jury, he was found guilty and sentenced to five years' probation contingent that he participate in the Drug Abuse Program. On appeal, the defendant posits that (1) the trial court erred in not granting his petition for substitution of judges and (2) that he was denied effective assistance of counsel as well as the right to a fair and impartial jury when his motion for a continuance for defense preparation purposes was denied.

A review of the record reveals that the defendant was arraigned on August 8, 1974, and, after a public defender was appointed, the cause was assigned to the trial call of Judge James Bailey. When the case was called for trial in the afternoon of that same day, the defendant, insisting upon a speedy trial, answered ready for trial despite his counsel's advice to the contrary. Defense counsel also asked leave to file a motion for discovery and the trial judge ruled that the State must supply such requested information. The commencement of the trial was subsequently continued to the following day.

On August 9, 1974, the defendant was represented by a new public defender, who informed the court that she was not ready to proceed to trial and, subsequent to a conference with the defendant, he was amenable to continuing this cause until such time that she received full and complete discovery. The State thereafter indicated that they were prepared for trial and, in response to the defendant's request, tendered a copy of their lists of witnesses and physical evidence, a bill of particulars, and all police reports concerning this matter. However, when the public defender inquired about the grand jury minutes, the State replied that they did not have such minutes nor the preliminary hearing transcript. Although defense counsel renewed her request for a continuance in light of an absence of full and complete discovery, the trial court denied it and put the trial over until the afternoon of the same day.

When the cause was subsequently called, the defendant filed a petition for substitution of judges on the grounds of prejudice. This petition was denied on the bases that (1) it was not made at the first available opportunity, namely, when the defendant demanded trial on August 8, 1974; and (2) the trial court's prior ruling on the defendant's discovery motion as well as its denial of the defendant's previous request for a continuance precluded the granting of such motion. The court, there-

after, denied defense counsel's requests for a continuance as well as to withdraw from the case for lack of preparation. Moreover, due to her lack of preparation, there was not any defense inquiry to the selection of jurors. The cause was tried under protest and the defendant was found guilty of burglary. The defendant's motion for a new trial was denied, whereupon the court sentenced him to five years' probation, contingent that he participate in the Drug Abuse Program due to his addiction to heroin for two years.

■■ With regard to whether the denial of the defendant's motion for a continuance on the day set for trial was proper, it is well settled in Illinois, both by legislative enactment (see Ill. Rev. Stat. 1973, ch. 38, par. 114—4(e)) as well as judicial edict (e.g., People v. Hayes, 52 Ill.2d 170, 175, 287 N.E.2d 465, 467; People v. Hamilton, 17 Ill.App.3d 740, 741, 308 N.E.2d 216, 217) that the granting of a continuance based upon defense counsel's lack of preparation rests within the trial court's discretion, and the denial of such continuance on that ground will not be disturbed on review unless this discretion has been abused. While resolution of whether there has been abuse of discretion in denying a motion for continuance is dependent upon the particular facts and circumstances of each case (People v. Brown, 13 Ill.App.3d 277, 280, 300 N.E.2d 831, 833; People v. Gatheright, 9 Ill.App.3d 1058, 1061, 293 N.E.2d 734, 736), it has been held that such a determination is to be considered in light of the diligence shown on the part of the defendant (People v. Lyons, 26 Ill.App.3d 358, 359-60, 325 N.E.2d 89, 90; People v. Hicks, 125 Ill.App.2d 48, 57, 259 N.E.2d 846, 850) as well as the extent such a denial embarrassed the defendant in preparing his defense and prejudiced his rights. E.g., People v. Canaday, 49 Ill.2d 416, 427, 275 N.E.2d 356, 362; People v. Felder, 22 Ill.App.3d 737, 317 N.E.2d 595 (abstract opinion).

■■ Applying these legal tenets to the case at bar, we believe that the record clearly establishes that the trial court did not exercise sound discretion in failing to grant a continuance. In the first place, defense counsel's conduct in requesting a continuance on the first day she was appointed and the first day after arraignment unequivocally exemplified her due diligence. Moreover, as defense counsel indicated when moving for a new trial, there was not full and complete discovery pursuant to court order since she did not receive the grand jury and police reports until the day she went to trial and the preliminary hearing transcript until one week after the trial. We believe that the tendering of such documents respectively at or subsequent to trial precluded a comprehensive analysis by defense counsel of the contents of such reports,

which included the names of witnesses who could have been called in the defendant's behalf, and thus contributed to the prejudice of the defendant in the defense of his case. Finally, while the trial court, in denying the defendant's motion for a continuance, focused on the fact that the defendant personally had insisted on an immediate trial, it must be remembered that "[t]he constitutional guaranty that an accused shall have the assistance of counsel is not a barren right but one of inestimable value to him, and he should not be deprived of it by compelling counsel to go to trial unprepared and without an opportunity of studying the case." (*People v. Blumenfeld*, 330 Ill. 474, 489, 161 N.E.2d 857, 862.) Once counsel is appointed by the court, such counsel must be given a reasonable period of time in which to prepare a defense. (*People v. Gore*, 6 Ill.App.3d 51, 57, 284 N.E.2d 333, 337, *cert. denied*, 411 U.S. 907, 36 L.Ed.2d 196, 93 S.Ct. 1534.) By forcing the defendant to go to trial despite defense counsel's statements that she was unable to proceed because of a lack of preparation as well as that the defendant was amendable to putting the trial over until she received full and complete discovery, the trial court abused its discretion to the prejudice of the defendant. Therefore, in light of such evidence, we fail to see how defense counsel could have been expected to seek discovery, effectively participate in the *voir dire* examination of jurors, interview prospective witnesses, prepare a closing argument, and perform the numerous other functions necessary to insure adequate representation by counsel.

In view of our determination to reverse and remand the cause for a new trial because of the denial of a continuance, we do not consider it necessary to pass on the other issues raised on review.

The judgment of the circuit court is therefore reversed and the cause is remanded for a new trial.

Reversed and remanded.

DIERINGER and ADESKO, JJ., concur.