THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DUANE DANIELS, Defendant-Appellant.

Third District  No. 75-329

Opinion filed June 30, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Duane Daniels appeals from a conviction of armed robbery following a jury trial in the Circuit Court of Rock Island County. Defendant was sentenced to a term of from 10 to 30 years in the penitentiary.

The only issue raised on appeal is the contention by defendant that the sentence imposed by the circuit court is excessive in light of defendant's age, his background, the nature of the offense, and the rehabilitative goals of incarceration.

From the record it appears on March 7, 1975, defendant and another man robbed an ice cream store in Rock Island. The victim of the robbery, who had a sufficient opportunity to view her assailant in the adequate lighting, positively identified defendant as one of the robbers and said that it was defendant who carried the revolver. The license number of the automobile was noted by a witness outside of the ice cream store and was reported to the police. Defendant was apprehended in an automobile carrying the described license, shortly after the robbery, and was wearing clothing similar to that worn by one of the robbers. Defendant denied complicity in the robbery, but the jury nevertheless returned a verdict of guilty.

After the pre sentence report and the sentencing hearing, at which no evidence was offered in aggravation and mitigation, the Circuit Court sentenced the 18-year-old defendant to a term of from 10 to 30 years in the penitentiary. From the pre-sentence report it appeared that in 1972, defendant had been placed on probation in Saginaw, Michigan, on the charge of carrying a concealed weapon, and, subsequently, had been committed to the State Training School. The appellant points out, while armed robbery is a Class 1 felony, the minimum term of imprisonment is 4 years (Ill. Rev. Stat. 1975, ch. 38, pars. 18—2(b), 1005—8—1(c).) Defendant contends that he was only 17 years of age at the time of the commission of the crime and only 18 when he was sentenced. He

contends that even though this was not the first encounter of defendant with the law enforcement authorities, he was the product of a broken home and of limited education. He had not had the benefit of a religious background from which strong moral standards may have grown. He had apparently lived a somewhat transient life and most recently called a Rock Island housing project his home.

Defendant contends that another mitigating circumstance is the nature of the armed robbery of which he was convicted. In this case, a public place was robbed, no one was harmed other than in an emotional sense, and although not proven, the amount of money taken does not appear to have been a large sum due to the nature of the business. It is pointed out that in a similar case, the Fifth District Appellate Court saw fit to reduce defendant's sentence for armed robbery (*People v. Rogers* (5th Dist. 1974), 23 Ill. App. 3d 115, 318 N.E.2d 715). Although defendant in the *Rogers* case had a prior conviction and was on parole at the time of the subject offense, the court focused on defendant's youth (19 years old) as a reason for reducing the sentence imposed from a term of 10 to 15 years to a term of 7 to 15 years. The court concluded that the enhanced minimum sentence foreclosed any possibility of rehabilitation.

It is contended by defendant that the court in this case also seemingly foreclosed any real possibility of rehabilitation. He says that the sentence imposed is excessive and should be reduced so as not to foreclose rehabilitative goals of incarceration. The State points out that in addition to the 1972 juvenile adjudication relative to a charge of carrying a concealed weapon, the original presentence report also revealed two juvenile charges relating to armed robbery, and a second charge of carrying a concealed weapon. It was brought out during the sentencing that the latter charges, apparently, had never been adjudicated but rather were merely charges, and the trial court therefore specifically noted that those charges would not be considered in rendering sentence. The State contends that the sentence imposed by the trial court is neither excessive nor arbitrary and should, therefore, be affirmed.

■■ It is pointed out by the State that the Supreme Court in *People v. Taylor* (1965), 33 Ill. 2d 417, 424, 211 N.E.2d 673, observed that if punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, a reviewing court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois Constitution (presently section 11, article I of the Constitution of 1970), which requires that all penalties shall be proportioned to the nature of the offense. The court in *People v. Taylor* specifically asserted that the power to reduce sentences imposed by trial

courts, where circumstances warrant, should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity, in the course of the trial and the hearing in aggravation and mitigation, to make a sound determination concerning the punishment to be imposed, as compared to the appellate tribunals.

We have recognized also that the trial judge is normally in a better position to assess the likelihood of defendant's chances for rehabilitation. *People v. Valentine* (1st Dist. 1965), 60 Ill. App. 2d 339, 208 N.E.2d 595, 604.

The State emphasizes that as set forth in article I, section 11 of the 1970 Constitution: "All penalties shall be determined * * * with the objective of restoring the offender to useful citizenship," but also provides that these same penalties "shall be determined according to the seriousness of the offense." The State points out that in the instant case defendant pulled out a handgun and forced the clerk, a Miss Randerson, to surrender the money that was in the cash register and then demanded to know if there was any more money in the back of the store. When he received a noncommittal response from the lady, defendant forced her, at gunpoint, into the back room where she showed defendant where any money would be located and defendant searched the location and removed some money which was left there.

■■ The prosecutor emphasizes that the crime of armed robbery is among the most serious and reprehensible crimes which society has seen fit to proscribe. Probation is not allowed in any sentencing disposition for this crime. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—5—3(d)(1).) The State emphasizes that the fact that defendant committed the armed robbery, and considering defendant's previous criminal record and his refusal to admit any guilt, even in face of overwhelming identification testimony, and also considering his fabrications to the probation officer, even after his conviction, furnished a sound basis for the ultimate sentence imposed by the trial court.

■■ In view of the record in this case, and on the principles relating to sentencing to which we have referred, we do not find that the sentence is contrary to the 1970 Constitution or in excess of the prescribed sentences as specified in the Unified Code of Corrections to which we have referred. We, therefore, conclude that we cannot as a matter of law find that the trial court abused its discretion in the sentence imposed in this cause.

For the reasons stated, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.