UNITED STATES of America ex rel. Jimmy X. SPENCER, Petitioner-Appellee,

v.

WARDEN, PONTIAC CORRECTIONAL CENTER, Respondent-Appellant.

No. 76–1037.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 16, 1976.

Decided Nov. 17, 1976.

As Corrected on Denial of Rehearing Feb. 15, 1977.

William J. Scott, Atty. Gen., Roger L. Longtin, Asst. Atty. Gen., Chicago, Ill., for respondent-appellant.

Edward T. Stein, Chicago, Ill., for petitioner-appellee.

Before SWYGERT and WOOD, Circuit Judges, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

The petitioner in this case was tried in a bench trial and convicted of armed robbery in the Circuit Court of Cook County. The petitioner was arrested on May 8, 1972. He was held in custody for some three-and-one-half months. Only then was an indictment returned on August 25, 1972. On August 31, 1972 he was arraigned and counsel was appointed. The case was set for trial on the following day, September 1, 1972. On that date petitioner's appointed counsel, an assistant public defender, informed the court that he had not prepared for the case; had not had an opportunity, short of a brief biographical interview, to discuss the case with his client; and did not believe that at that time he could provide adequate, competent counsel. Without making any effort to explain the dangers inherent in proceeding to trial with unprepared counsel, the court interrogated the petitioner if he wished to proceed to trial immediately or if he wished to request a continuance. The petitioner elected to proceed to trial immediately and was adjudged guilty in the bench trial that followed. The petitioner then brought this action in the United States District Court for the Northern District of Illinois seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254(a). The district court granted the writ of *habeas corpus*, relying upon our holding in *United States ex rel. Williams v. Twomey*, 510 F.2d 634 (CA 7 1975).

The *Williams* case relied upon by the district court involved a similar factual scenario in the Cook County Circuit Court where a defendant, charged with burglary, proceeded to trial with counsel recently appointed and unprepared for trial. In granting the *habeas corpus* petition reversing his conviction, this court re-examined the "farce and mockery" standard regarding adequate representation of counsel and concluded that the Constitution guarantees a criminal defendant legal assistance which meets a minimum standard of professional representation. *Williams, supra* at 641.

In the case at hand, the petitioner's lawyer indicated his lack of opportunity to confer with Spencer and also stated his firm belief that he was thoroughly unprepared to go to trial. At that time the following colloquy occurred:

Mr. Norris: Your Honor, may I address the court on one matter, and that is, as Your Honor knows, this case came before Your Honor yesterday, allegedly on the 116th day of the Fourth Term. It would appear that Mr. Spencer's rights under the Four Term Rule would expire in about four or five days.

I had a brief opportunity to speak to Mr. Spencer yesterday, but the thrust of that interview was merely to obtain some biographical information about him. I strongly advised him of the great need to

* Senior District Judge Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

ask for a continuance so that I could properly prepare his case. He is, of course, charged with armed robbery, one of the most serious charges known to criminal law, carrying a minimum penalty of five years.

As his attorney, Your Honor, I am not ready to try this case.

The Court: Counsel, we have gone through this before. It is his constitutional right to be tried within 120 days. You are his lawyer appointed. You must go along with his wish.

Mr. Norris: Yes, Your Honor. Of course, the defendant has a constitutional right to a speedy trial, he also has a constitutional right to the effective assistance of counsel. In this case—

The Court: You are the lawyer, not assistant. You are the lawyer.

Mr. Norris: Yes, effective representation by an attorney.

The Court: That's right.

Mr. Norris: And, Your Honor, in this case I am asking and suggesting to the court that a continuance should be granted. I could not in any way be competent, I could not in any way be effective, I don't have the grand jury transcript, the copies of the police reports in front of me, I don't have that, I haven't seen the preliminary hearing transcript, I haven't filed any discovery motions, I don't really know if there are any statements, there may or may not be physical evidence in this case, I know that there is some type of photographic identification in this case, I am not completely familiar with that, I am not familiar in the manner in which the arrest went down.

I am really not familiar in any way with any defense that Mr. Spencer may have. And I am sure he has a defense because he has plead not guilty. Judge, I am just not ready to try this case and I am asking the court to grant a continuance based on my request.

The Court: How can we do that, counsel? You have been around here a long time, you are an experienced defense law-

yer. I have no alternative to hear this case. If this man says he wants to go to trial that is his right, that is his constitutional right, not the lawyer's constitutional rights.

You understand that, don't you, Mr. Spencer?

The Defendant: Yes, sir.

The Court: It is your rights, not your lawyer's rights, your right to go to trial.

The Defendant: Yes.

The Court: It is your right for a continuance if you want one, not your lawyer.

You want to go to trial today?

The Defendant: Yes, sir.

The Court: Okay.

Mr. Norris: Mr. Spencer, that is over my objection, . . . . (Tr. p. 3–5)

At trial, petitioner's counsel elected to waive an opening statement (Tr. 9), presumably because of his lack of knowledge as to the details of the case. He did cross-examine the state's witnesses and attempted, without success (Tr. 70 and 113) to suppress identification testimony. The defense called no witnesses. At the conclusion of the state's case, there was a stipulation entered as to the testimony of a complaining witness, John Hayes, who had testified at the preliminary examination regarding a photographic identification. The court found Spencer guilty on the basis of the evidence presented. At the time of sentencing, the trial counsel moved for a new trial on the grounds that he was not able to provide minimally competent counsel (Tr. 134–137). That motion was denied on the grounds that the defendant had not asked for a continuance and that the court had no alternative but to proceed to trial.

█ In enunciating our present standard as to adequate counsel in *Williams*, this court stressed that a finding of incompetency is a factual determination to be analyzed in light of the totality of the circumstances As we noted in *Williams*, numerous factors such as the seriousness of the charge, the experience of the attorney and the complexity of the evidence must be weighed in evaluating the effect of the unprepared

attorney at trial. This case does not involve the situation when counsel's unpreparedness on the eve of the expiration of the speedy trial period was due to his own fault.

In this case, the defendant was taken into custody on May 8, 1972. The state indicted him on August 25, 1972 and on August 31, 1972 he was arraigned and counsel was appointed. On the next day, the case went to trial. The failure of the state to formally charge the defendant within a short time after his arrest was inexcusable and intolerable. While we are not unmindful of the pressures and burdens on prosecutors in complying with a defendant's statutory and constitutional right to a speedy trial, there can be no justification for the state's excessive delay in giving him notice of the charges he was to confront. An earlier indictment and appointment of counsel would have obviated the resulting conflict between the attorney and his client over the need for a continuance. The predicament in which the petitioner and his attorney found themselves was not one of their own making. Having delayed the arraignment and appointment of counsel until the day before the trial, the state precluded the preparation of a defense. Without doubt, the delay also aroused expectations of the petitioner that he might be released by electing to go to trial immediately. In the absence of any explanation for the delay in bringing the charges, we cannot condone the conduct of the state.

Trial counsel in this case, in addition to apprising the court of his lack of preparation and his client's right to competent counsel, also outlined with precision (Tr. 4) reasons why he believed he could not adequately represent his client. Under these circumstances, we are not surprised that he was unable to proffer an opening statement.

The state stresses that "extensive cross examination" of its witnesses was conducted and that timely objections were made. It does not automatically follow that because cross-examination is extensive it is also effective. The essence of sharp, probative cross-examination is preparation and analysis of earlier statements of witnesses. It would appear from the record that counsel was forced through his cross-examination to perform discovery that ordinarily would be done before trial.

An additionally distressing aspect of this case is that the trial court, after allowing the state to commence presentation of its case on the morning of Friday, September 1, 1972, recessed the case just before noon that day until 10:30 A.M., on Tuesday, September 5, 1972, on the grounds that the state had not an opportunity to talk to a witness. At that time of recess, the following exchange of remarks occurred:

Mr. Salas: May we have a brief recess?

The Court: No. If you want this until Monday, all right. You may call your next witness.

Mr. Salas: Well, Judge, the victim, Mr. Hayes, is here. However, I have not had a chance to talk to him.

The Court: All right, we will recess until Tuesday morning then.

Mr. Salas: If the court feels that the court's schedule is such—

The Court: As I told you yesterday, have Mr. Hayes here at 9:00 o'clock.

Mr. Salas: Yes, Your Honor, it was my intention to do that, but Mr. Hayes was not here.

The Court: Very well, it is getting near the noon hour, so we will continue this case until 10:30 on Tuesday. I know we have got a big call on Tuesday.

Mr. Norris: Your Honor, I will object to that.

The Court: Object to what?

Mr. Norris: On the basis that the state answered ready for trial.

The Court: They are. You asked for a recess and I gave you a recess.

Mr. Norris: I am merely saying, Your Honor, that the state answered ready for trial.

The Court: We are already on trial. It is going to be continued. I gave you a

recess to talk to a witness. He wants a recess to talk to a witness. We have another case coming up off arraignment and it is near the lunch hour. I am not going to keep the court personnel from going to lunch on this date. So it will be continued until September 5th.

And I want the witness here at 10:30.

All right, fine.

(Thereupon the above-entitled cause was continued to September 5th, A.D. 1972.)

(Tr. 61–62)

Apparently the state was permitted to meet the 120-day deadline by presenting what witnesses it did have ready in response to the defendant's demand for trial, and then was granted what in effect was a continuance for consultation with unprepared witnesses. This court cannot help but conclude that the defendant, who was unaware that the state would receive a four-day recess, was exploited into forfeiting both a right to a speedy trial and an opportunity for his lawyer to prepare.

A review of the record also reveals that petitioner's trial counsel unsuccessfully endeavored to suppress identification testimony on the grounds of allegedly suggestive procedures. His lack of opportunity to prepare undoubtedly affected his ability to bring this matter before the trial court in its full context. While we will not speculate as to the merits of that issue *per se*, the manner in which it was broached to the court is an additionally disturbing facet of the case.

■ Taking into account the conduct of the state, the performance of counsel at trial, the lack of pretrial opportunity to prepare, the serious nature of the charge and the limited instructions on behalf of the trial judge, we are of the opinion that our holding in *Williams* should apply here as well. In doing so, we cast no shadow on the reputation of petitioner's trial counsel. His inability to prepare was an inevitable consequence of the extremely tardy indictment and appointment of counsel. Despite his good faith efforts, we are convinced

that under these circumstances, his case was so impaired that petitioner was denied a "minimum standard of professional representation." *Williams, supra,* at 614.

The state and trial courts have placed great reliance on the fact that Spencer elected to proceed to trial immediately and presumably accepted the consequences that flowed from that choice. The district court, in its Decision on Rule to Show Cause, concluded that the petitioner in effect "elected to waive counsel and represent himself on his request for immediate trial." (Brief of Respondent-Appellant at p. A2.) While we agree with the district court that *Williams* controls here, we do not agree that the petitioner waived his right to counsel.

One of the reasons for this sequence of events is that the petitioner had been in the county jail for 116 days as of September 1, 1972, and the 120-day period was fast approaching the prosecutor. Aware that he would be released if the trial did not commence within four days, he elected to take a calculated risk of proceeding. Although the trial court did tell him of his right to ask for a continuance, it did not make any effort to explain the hazards of proceeding with unprepared counsel. As Judge Swygert observed under similar circumstances in *Williams:*

> His decision to go to trial was so much a product of the state's inexcusable delay in setting an arraignment and appointing counsel that it cannot be relied upon to validate his trial. *Williams, supra* at 643.

We conclude that there was no waiver of the petitioner's right to counsel. It is clear from the record that the petitioner was not "made aware of the dangers and disadvantages of self representation." *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). The defendant was therefore entitled to competent representation at trial. Upon consideration of the record and briefs, and for the reasons discussed above, the order of the district court granting the writ of *habeas corpus* should be and hereby is AFFIRMED.