THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RAYFORD PARDUE, Defendant-Appellant.

Third District   No. 76-302

Opinion filed March 31, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Kankakee County, after bench trial, finding defendant, Rayford Pardue, guilty of rape and sentencing him to a term of not less than 50 nor more than 100 years to the Department of Corrections. The only issue raised on this appeal is whether defendant's sentence was excessive.

The principal witness for the State was the prosecutrix and she testified that on the day in question, December 22, 1975, she was employed as a taxi driver. At about 5:40 p.m. she received a call to pick up a fare at a lounge. Upon arriving at the front of the lounge, a man, identified as defendant, entered the front passenger seat and indicated his desired destination. During the trip defendant told the prosecutrix once or twice that he would blow her head off. He subsequently ordered her to pull off the road and to remove her clothes. After some verbal resistance, she removed her pants and was forced to the rear seat where she was joined by defendant and raped. It was her testimony she submitted to the sexual

intercourse because she feared for her safety and believed defendant to be armed. Following the offense defendant was driven back to where he had been picked up and was dropped off.

Defendant took the stand and testified that the statement he had given to the Kankakee police wherein he admitted the offense was both voluntary and accurate. He denied, however, having any weapons or threatening to rob prosecutrix. He also stated, contrary to his original statement, that she voluntarily removed her clothing and cooperated with him in the intercourse.

After a bench trial, defendant was convicted of rape. On May 13, 1976, defendant appeared for sentencing. A presentence report filed in the case indicated defendant was 37 years old and had been convicted twice for prior felonies. These consisted of a 1953 juvenile adjudication for rape and a 1966 conviction for the offenses of rape, contributing to the sexual delinquency of a minor, indecent liberties and aggravated kidnapping. The State presented no formal evidence in aggravation but recommended a sentence of 150 to 200 years. Defendant presented no formal evidence in mitigation. The court then sentenced defendant to a term of not less than 50 nor more than 100 years in the penitentiary.

■■ We agree the purpose of sentencing is to provide adequate punishment for the offense, safeguard society from further offenses, and to restore the offender to useful citizenship. (Ill. Const. 1970, art. I. § 11; *People v. Mahle*, 57 Ill. 2d 279, 312 N.E.2d 267.) Defendant argues the sentence imposed in the instant case was not proportionate to the offense nor were the possibilities of rehabilitation taken into consideration.

Rape is a Class 1 felony (Ill. Rev. Stat. 1975, ch. 38, par. 11-1) for which the minimum term shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher term. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(2).) The maximum term for rape shall be any term in excess of 4 years. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(b)(2).) We note the sentence imposed was within the statutory limits and defendant does not contend his personal history and the nature and character of the offense should entitle him to the 4-year minimum sentence. However, he argues the record establishes several significant mitigating factors which should have restrained the court from imposing such a high minimum sentence. He notes his age, 37 years, his lack of formal education and his extensive history of menial employment. Defendant also notes he has been committed and released from a number of psychiatric institutions.

Defendant's reliance on *People v. Jones*, 6 Ill. App. 3d 669, 286 N.E.2d 87, *aff'd*, 60 Ill. 2d 300, 325 N.E.2d 601, is misplaced since in *Jones*, wherein the appellate court reduced defendants' sentences from terms of

50 to 100 years to terms of 8 to 25 years, defendants were about 20 and 22 years old, had finished high school, had honorable discharges from the service and had no prior criminal records. Other cases relied upon by defendant involve appellate court decisions affirming lesser sentences in circumstances which defendant characterizes as being more brutal than the instant case. These cases however do not support defendant's contention that the sentence imposed here is excessive.

The standard of review in this case is not what the reviewing court, sitting as the trier of fact would have done (*People v. Brasmer*, 9 Ill. App. 3d 70, 291 N.E.2d 520), but rather whether the record shows abuse of discretion mandating a reduction of sentence (*People v. Cole*, 23 Ill. App. 3d 620, 321 N.E.2d 71). We note the trial judge is ordinarily in a better position to assess the likelihood of defendant's chances for rehabilitation. *People v. Daniels*, 39 Ill. App. 3d 562, 350 N.E.2d 577.

■■ In the case at bar this 37-year-old defendant had two prior convictions for rape, one of which included aggravated kidnapping, contributing to the sexual delinquency of a minor and indecent liberties. The record also indicates the use of threat to blow the victim's head off. Taking into consideration the defendant's past convictions, his personal history and the reprehensible nature of the crime, we cannot hold as a matter of law the trial court abused its discretion in sentencing defendant to a term of 50 to 100 years for the offense of rape.

For the foregoing reasons the judgment of the circuit court of Kankakee County is affirmed.

Judgment affirmed.

STENGEL, P. J., and BARRY, J., concur.