THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY K. BEVARD, Defendant-Appellant.

Third District   No. 76-102

Opinion filed April 28, 1977.

400

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and James Geis and Richard Geddes, both of State Appellate Defender's Office, of Chicago, for appellant.

Thomas Homer, State's Attorney, of Lewistown (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

On October 14, 1975, the defendant, Larry Bevard, was charged by information with the unlawful delivery of a controlled substance (cocaine) on August 8, 1975. Subsequently, on December 1, 1975, the defendant appeared with counsel, Mr. Joseph Napoli, for a preliminary hearing. At this time, the State, with leave of the court, amended the

complaint to charge the delivery of less than 30 grams of a controlled substance and introduced evidence from which the trial court found probable cause. The defendant entered a plea of not guilty, and the trial court ordered all motions to be filed on or before December 22, 1975.

On December 17, 1975, the cause was set for the January 6, 1976 jury trial docket. The case was not called for trial until January 12, 1976, and on that date the defendant filed a motion for a continuance of trial setting. The defendant's counsel requested a continuance of at least 30 days, alleging that he was entirely unprepared to proceed to trial because he received a transcript of the preliminary hearing proceedings on December 24, 1975, and immediately notified the State's Attorney that, although he had received the transcript, he was leaving the country and would return to Illinois on January 6, 1976. The defense counsel's affidavit further stated that on his return he received discovery information concerning this case. In addition, the affiant pointed out to the court that he was involved in an appeal of another criminal case and that, on November 24, 1975, he received a record of approximately 800 pages in that appealed case and was given until January 14, 1976, to file the appellant's brief. The affidavit continued:

> " * * * that affiant, other than the time spent on vacation with his family which had been planned sometime in advance, has devoted considerable time to the preparation of said brief although said brief at the time of filing this affidavit, has yet to be filed with the Appellate Court although affiant feels that it will be completed shortly after January 14th which would necessitate his requesting a short extension of time from said Appellate Court; further, affiant is presently involved in various civil matters among others being a custody trial in Fulton County commencing on January 29, 1976, which has been specifically set by Chief Judge Roberts on January 29, 1976, with Judge Klukos presiding."

The trial court, in denying the defendant's motion, indicated that, with the jury's arrival an hour away, the continuance could not be granted in good conscience. In addition, the trial court called counsel's attention to the order of December 17, 1975, which specified that:

> "Counsel for all parties will be expected to maintain contact with the Clerk of the Court to keep themselves advised as to the status of the calendar from time to time and counsel will be expected to be prepared to proceed with the trial on the day set even though preceding cases for the same day have been settled or otherwise disposed of.
>
> All motions to remove a case from the trial calendar or for change of venue must be filed and approved by the Court at least one week in advance of the trial setting."

Jury selection consumed the remainder of January 12, 1976. After the jury trial, a verdict of guilty was returned. The defendant's post-trial motion recited:

"4. The court erred in not granting defense counsel's motion for a continuance either for 30 days or 1 day when said counsel attached his supporting affidavit which clearly showed that a motion for a continuance was in order."

This motion was denied, and the defendant was sentenced to a term of imprisonment of not less than 3 nor more than 12 years. The defendant now appeals.

The first arguments presented by the defendant in the appellant's brief are that the application in this case of the amended section 111—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—2) violates State and Federal prohibitions against ex post facto legislation, as well as the codified principles of statutory construction, and that the amended section 111—2 improperly delegates legislative authority and fails to set intelligible standards for the commencement of a felony prosecution by information. However, during oral argument, the defendant conceded that this court in *People v. Myers* (3d Dist. 1976), 44 Ill. App. 3d 860, 359 N.E.2d 197, already decided the constitutionality of such an application of the amended section 111—2.

■■ However, the defendant still contends that the trial court arbitrarily and unreasonably denied the defense counsel's request for a continuance and, thereby, deprived the defendant of his right to the effective assistance of counsel and to a fair trial. A motion for a continuance is addressed to the discretion of the trial court and "shall be considered in the light of the diligence shown on the part of the movant." (Ill. Rev. Stat. 1975, ch. 38, par. 114—4(e).) The action of the trial court will not be disturbed on appeal absent an abuse of discretion. (*People v. Hayes* (1972), 52 Ill. 2d 170, 287 N.E.2d 465.) Whether there has been an abuse of discretion depends on the particular facts and circumstances of each case. (*People v. Clark* (1956), 9 Ill. 2d 46, 137 N.E.2d 54; *People v. Jefferson* (1st Dist. 1976), 35 Ill. App. 3d 424, 342 N.E.2d 185.) Where a continuance is sought on the basis of the defense counsel's lack of preparation, the determination of whether the denial of the motion is an abuse of discretion is to be considered in light of the diligence shown on the part of the defendant and the extent to which the denial embarrasses the defendant in the preparation of his case and prejudices his rights. *People v. Jefferson* (1st Dist. 1976), 35 Ill. App. 3d 424, 342 N.E.2d 185.

■■ There can be no question in this case that there was a lack of diligence on the part of the defendant in seeking this motion. On December 17, the cause was set for the January 6, 1976, jury docket. The latter is also the date the defense counsel returned from overseas.

Nevertheless, the motion was not made until January 12, the morning the trial was to commence. We cannot be dissuaded with either the volume of counsel's workload or his need for a vacation since assistance from other members of the profession is always available.

■■ The defendant now argues that his prejudice in being represented by unprepared counsel is demonstrated by the fact that, in opening statement, the defense counsel outlined a proposed entrapment defense but was unable to produce any evidence to support it. Concerning the defense of entrapment, the defense counsel in closing argument stated:

> "It is the burden of the State to prove it's [*sic*] case beyond a reasonable doubt. Singer says no, Connally says no, Bubonic says no, Riley says Yes. Is there not a reasonable doubt? Oh, but I can just hear in the back of my mind Mr. Merdian, he forgot to say things about entrapment. Oh, yes, I will cover that. I did, in fact, tell you at the outset of this trial, tell you, in fact, that we thought the defense of entrapment. [*Sic*.] But as things go on through a trial, things change; that changed my mind."

Furthermore, in the defense counsel's affidavit in support of the defendant's motion for change of place of trial, which was made after the denial of the motion for a continuance, the affiant stated, "I am fully familiar with the facts and circumstances of the case * * *." From these facts we believe the defense of entrapment was voluntarily abandoned for tactical reasons which developed during the trial rather than as a result of the denial of the motion for a continuance.

■■ The defendant requests that we apply the rationale in *United States ex rel. Spencer v. Warden* (7th Cir. 1976), 545 F.2d 21, to the facts in this case. That case held that the trial court erred in denying a motion for a continuance, but that case is distinguishable from the facts before us. In the *Warden* case counsel apparently was appointed on the day before the trial. In the case at bar, the defense counsel was retained almost two months prior to the trial date so that there was sufficient opportunity to prepare the defense with the assistance of counsel. In addition, the defense in this case was given an opportunity to request a continuance as long as the motion was not made too close to the date of trial. Since there was a lack of diligence on the part of the defense in moving for a continuance and there is no apparent deprivation of the defendant's rights, we can not say the trial court abused its discretion in denying the defendant's motion for a continuance.

The last issue raised by the defendant is whether the minimum sentence imposed by the trial court is excessive. The maximum sentence is not challenged. The delivery of less than 30 grams of cocaine is a Class 2 felony. (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(b).) A Class 2 felony carries a minimum term of 1 year "unless the court, having regard to the nature

and circumstances of the offense and the history and character of defendant, sets a higher minimum term, * * *." Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(3).

The defendant argues that there were no aggravating circumstances warranting the greater minimum sentence. The presentence report showed that the defendant was 34 years old, that he was employed as a welder by International Harvester for the previous 17 years and that his only previous convictions consisted of minor traffic offenses. However, the testimony elicited at trial indicates that this was not an isolated sale of cocaine. On the contrary, the evidence was that the defendant intended to have more cocaine in a couple of weeks but wanted to refrain from selling cocaine for awhile to avoid apprehension by the authorities.

■■ A sentence imposed by the trial court will not be reduced by a reviewing court unless the trial court has abused its discretion. (*People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673.) Furthermore, the trial court is in a better position to assess the likelihood of the defendant's chances for rehabilitation. (*People v. Daniels* (3d Dist. 1976), 39 Ill. App. 3d 562, 350 N.E.2d 577.) Therefore, we do not find that the trial court abused its discretion in setting a 3-year minimum term of imprisonment for this defendant.

Accordingly, the judgment of the Circuit Court of Fulton County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.