THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES HOOVER, Defendant-Appellant.

Third District   No. 77-266

Opinion filed January 6, 1978.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Robert M. Hansen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was initiated by the defendant, James Hoover, after a jury trial in which he was convicted of armed robbery and sentenced to a term of imprisonment of not less than 8 nor more than 24 years. In this appeal, the defendant raises only two issues.

First, the defendant argues that the prosecutor, in his closing argument, exceeded the bounds of proper argument by implying that one of the State's witnesses, Mr. William Carlan, was unsure about identifying the defendant when, in fact, Mr. Carlan testified he could not identify the man he saw leaving the food store. Not only is the distinction minute, but the defendant has waived this issue. No objection was made during the State's closing argument. And although the post-trial motion listed the prosecutor's closing argument in its allegations of error, in arguing this motion, the defendant contested other portions of the closing argument, not this particular point. None of these contested portions of the State's closing argument were comments concerning Mr. Carlan's testimony, and, on this appeal, the defendant does not challenge any other parts of the State's closing argument.

■■■ Since no objection was made and the now alleged error was not specifically included in the defendant's post-trial motion and was ignored in the argument on the motion, the defendant has waived this issue. (See *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Guynn* (3d Dist. 1975), 33 Ill. App. 3d 736, 338 N.E.2d 239.) Nor is this alleged error so substantial that we would consider it plain error. See Ill. Rev. Stat. 1975, ch. 110A, par. 615(a).

■■ As a second issue the defendant wants us to determine whether the sentence was excessive. Armed robbery is a Class 1 felony carrying a minimum term of 4 years and no maximum. (Ill. Rev. Stat. 1975, ch. 38, pars. 18—2(b), 1005—8—1(b)(2), (c)(2).) However, the trial court may impose a minimum sentence greater than 4 years if the trial court finds such a sentence is warranted by the nature and circumstances of the defendant and the history and character of the defendant (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(2)). Furthermore, the power to impose a sentence rests in the sound discretion of the trial court (see *People v. Mann* (3d Dist. 1975), 30 Ill. App. 3d 508, 333 N.E.2d 467), and the reviewing courts exercise their power to reduce sentences with caution and with deference to the more advantageous position of the trial court (*People v. Daniels* (3d Dist. 1976), 39 Ill. App. 3d 562, 350 N.E.2d 577).

As was pointed out in *Daniels* "armed robbery is among the most serious and reprehensible crimes which society has seen fit to proscribe." (*People v. Daniels* (3d Dist. 1976), 39 Ill. App. 3d 562, 565, 350 N.E.2d 577, 580.) Additionally, the defendant in this case had two prior felony convictions for the possession of a controlled substance. Therefore, we conclude that the trial court did not abuse its discretion by sentencing the defendant to a term of imprisonment of from 8 to 24 years.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

STENGEL, P. J. and SCOTT, J., concur.