THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RONALD JONES, Defendant-Appellant.

Third District   No. 80-60

Opinion filed April 15, 1980.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is the second time this appeal is before us. Defendant Ronald Jones was found guilty of armed robbery and attempt murder by a jury in the circuit court of Will County and sentenced to concurrent prison terms of 10 to 20 years and 20 to 40 years respectively. On our first disposition we held there was no error where the indictment was returned against the defendant prior to the order of the juvenile judge permitting the defendant to be prosecuted under criminal law. However, we did find plain error regarding the instructions given the jury on the attempt murder charge. Consequently we reversed and remanded for a new trial without considering the other issues the defendant raised on appeal. The Illinois Supreme Court subsequently reversed our decision on the attempt murder instructions, affirming the trial court. The court then remanded the case to us for consideration of the other issues raised by the defendant on appeal and it is these which concern us now.

The facts of this case are amply reported at *People v. Jones* (1979), 68 Ill. App. 3d 44, 385 N.E.2d 392, and we do not repeat them here. In addition to the two aforementioned issues, defendant raises five other issues. The first issue he raises is whether the trial court abused its discretion in not granting a change of venue due to extensive adverse publicity which preceded the defendant's trial. The defendant argues that due to the details of the case, it received wide notoriety and created an atmosphere in which the defendant was unable to receive a fair trial.

The decision of whether or not to grant a change of venue based on pretrial publicity is within the trial court's discretion and will not be reversed absent a clear abuse of discretion. (*People v. Campbell* (1975), 28 Ill. App. 3d 480, 328 N.E.2d 608.) We believe there was no such abuse of discretion. The news coverage regarding the crime all occurred between November 5 and November 18, 1975. The defendant was not tried until March 22, 1976. This lapse undoubtedly helped dissipate feelings of prejudice. More important, the trial court judge conducted the *voir dire* examination himself and promptly excused any prospective juror, or alternate juror, who was either aware of co-indictee George Williams' conviction or who had read the earlier publicity and admitted having formed an opinion. The jury was chosen over four days from a panel of 44 persons. Under these circumstances we believe there was no

abuse of discretion by the trial judge in failing to change the venue and that the defendant received a fair and impartial trial.

The defendant's next issue is whether or not the trial court erred by allowing testimony describing the bloody area where the victim was found. Defendant argues that since the extent of the victim's injuries was not in issue, various testimony regarding the presence of blood was irrelevant and highly prejudicial. Defendant cites five statements by Sheriff Carr informing the jury about the blood at the house where Barker had been shot and the trail of blood leading to the house where Barker received help. We believe that the defendant is in error by categorizing all these statements as irrelevant. Statements regarding the blood in front of the house and on Barker's glasses were relevant to prove the location of the shooting (necessary to establish venue) and to show when Barker was shot. While we agree that the statements regarding blood at the other houses Barker went to in search of help were irrelevant, we do not believe that they were so prejudicial as to deny the defendant a fair trial.

The defendant's next issue is that he was deprived of a fair trial by a closing argument of the prosecutor wherein he made a statement which defendant contends could not reasonably be inferred from the evidence. During closing argument, the prosecutor stated that there was no medical evidence of the victim having been beaten on his head as well as shot. We believe there was no error here. As a general rule, prosecutors have the right to draw all legitimate inferences from the facts which have been proved. The defendant claims that the discovery materials showed that victim had been beaten before being shot. Therefore, the defendant claims, the prosecutor made an improper argument. However, the defendant overlooks the fact that there was no evidence of these lacerations in the record, having been excluded by the defendant's own motion. Further, there was conduct other than a beating before the shooting that might have produced the lacerations. Therefore, we do not believe that the inference drawn was improper.

The defendant's next issue is whether the trial court abused its discretion in sentencing the defendant to concurrent prison terms of 20 to 40 years for attempt murder and 10 to 20 years for armed robbery. In reviewing the sentence imposed by the trial court, the standard is whether the record shows an abuse of discretion mandating a reduction of sentence. (*People v. Pardue* (1977), 46 Ill. App. 3d 845, 361 N.E.2d 383.) The nature of the acts which constitute the crime, the credibility, demeanor, general moral character, mentality, social environment, habits, age of the defendant, and the possibility of rehabilitation of the offender are all factors to be considered by the sentencing judge. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The trial court is in a superior position to appraise and evaluate these factors, and a court of

review will not substitute its judgment for that of the trial court in the absence of a clear abuse of discretion. In view of the heinous crime that was committed and the circumstances surrounding it, we cannot say that the trial court abused its discretion.

Defendant's final issue is whether or not the defendant was prejudiced by the trial court's erroneous assumption that attempt murder is a Class 1 felony. In discussing its rationale in imposing sentence, the trial court incorrectly stated that attempt murder is a Class 1 felony. Defendant contends that obviously the trial court also erroneously believed that the minimum sentence is four years and that this affected the sentence the trial court imposed. We believe that the defendant was not prejudiced by the trial court's mistaken belief. The defendant's sentence was undoubtedly due to the heinous and senseless nature of the crime. There is no evidence that the judge was mistaken as to the minimum sentence that could be imposed nor that the judge considered the minimum sentence in deciding to impose the 20- to 40-year-sentence.

For the abovementioned reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.