THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL GUYON, Defendant-Appellant.

First District (1st Division)    No. 80-1158

Opinion filed November 9, 1981.

Ralph Ruebner and James E. Staruck, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Georgia A. Buglass, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a jury trial, defendant Michael Guyon was found guilty of rape, two counts of deviate sexual assault, and two counts of aggravated kidnapping. He was sentenced to 60 years in the Illinois Department of Corrections. Defendant appeals.

On appeal, defendant argues that (1) the trial court erred in denying his motion for a continuance; (2) discrepancies in the complainants' testimony created a reasonable doubt of guilt; (3) he was deprived of his right to counsel of his choice; and (4) his motion to suppress identification evidence improperly was denied.

We affirm.

The two complainants in this case were 15 years old at the time the incident occurred. The female complainant testified that as she and the male complainant were walking home from school, defendant forced them at gunpoint into the back seat of a car. Defendant drove to an abandoned building and took complainants to a room on the second floor. He ordered the complainants to undress and forced them to engage in intercourse. Both complainants were then ordered to perform fellatio upon defendant, and the female complainant was made to submit to anal and vaginal intercourse with defendant. The ordeal lasted approximately 1½ hours. The male complainant's testimony substantially corroborated the female complainant's testimony regarding these facts.

The female complainant also testified that defendant had both a folding knife and a gun during the incident. She identified the knife at trial. The male complainant testified that defendant had a pistol.

Defendant testified that on the morning of the day in question, he drove his wife to work. During the afternoon, he went to apply for a new job and visited his mother-in-law.

Other witnesses were called by the State and defendant. Their testimony and further testimony of the complainants will be recounted in the discussion of the issues where necessary and appropriate.

First, defendant argues that the trial court erred in denying his motion for a continuance. Defendant's motion was made on April 8, 1980, after the trial court set trial for April 14, 1980. As grounds for his motion, defendant's counsel stated his investigations had not been completed and he was not prepared to go to trial.

In *People v. Peterson* (1979), 70 Ill. App. 3d 205, 209, 387 N.E.2d 951, 955, the court in deciding a similar issue noted the following principles:

"[A] motion for continuance is addressed to the sound discretion of

the trial court and 'shall be considered in the light of the diligence shown on the part of the movant.' (Ill. Rev. Stat. 1975, ch. 38, par. 114—4(e).) The action of the trial court will not be disturbed on appeal absent on abuse of discretion. (*People v. Hayes* (1972), 52 Ill. 2d 170, 287 N.E.2d 465.) * * * Where a continuance is sought on the basis of the defense counsel's lack of preparation, the determination of whether the denial of the motion is an abuse of discretion is to be considered in light of the diligence shown on the part of the defendant and the extent to which the denial embarrasses the defendant in the preparation of his case and prejudices his rights. (*People v. Jefferson* (1976), 35 Ill. App. 3d 424, 342 N.E.2d 185.)"

■■ We find that defendant's rights were not seriously prejudiced by the trial court's denial of a continuance. Defendant had the assistance of counsel for 18 months prior to trial. Discovery requests had been complied with and many pretrial motions had been ruled upon. Furthermore, defendant had an additional week from the time the motion was denied in which to prepare. During this week, defendant had amended his answer to discovery and listed two additional potential witnesses. Obviously he was able to complete some of his investigation during this time. Thus, the trial court did not abuse its discretion in denying the motion.

Second, defendant contends that his right to counsel was abridged where the trial court refused to appoint new counsel after the trial had begun. During a recess after direct examination of the State's first witness, defendant struck one of the two assistant public defenders representing him. He later explained to the court that his attorneys were not answering his questions about the case and that he was not satisfied with their representation. The following day, the injured attorney was allowed to withdraw from active representation and ordered to assist co-counsel.

When a defendant represented by appointed counsel requests new counsel during or on the day of trial he must express a reasonable basis for substitution of counsel. (*People v. Williams* (1981), 94 Ill. App. 3d 241, 418 N.E.2d 840, citing *People v. Williams* (1976), 39 Ill. App. 3d 449, 350 N.E.2d 135.) It is within the trial court's discretion to grant or deny a continuance for substitution of counsel. *People v. Williams* (1981), 94 Ill. App. 3d 241, 418 N.E.2d 840, citing *People v. Solomon* (1962), 24 Ill. 2d 586, 182 N.E.2d 736.

■■ Here defendant waited 18 months after the assistant public defenders were appointed to request new attorneys. He had no counsel ready and willing to represent him, and the trial had begun. Furthermore, the assistant public defenders stated that they had visited defendant while he was in jail and were in fact explaining the proceedings and answering his questions when defendant struck the attorney. On the basis of these facts

and the fact that co-counsel assumed active representation to the exclusion of the injured attorney, we find that the trial court did not abuse its discretion in denying defendant's request for substitution of attorneys.

Third, defendant maintains that inconsistencies and omissions in the complainants' testimony rendered their testimony incredible and that he therefore was not proved guilty beyond a reasonable doubt. Specifically, defendant points to the female complainant's failure to recall the perpetrator's weight and height and the model of the car he was driving. He also points to the male complainant's inability to recall whether defendant's shirt was blue or black, whether defendant had a goatee and whether he told police the defendant had a knife.

■■ We first note that several of defendant's conclusions are refuted by the record. The record indicates that the female complainant estimated defendant's height and weight and described the car in which she was abducted. The fact that she could not recall the particular model does not render her testimony incredible. Furthermore, the male complainant testified that defendant wore a black shirt and had a mustache which "came down around his mouth." His inability to recall whether defendant had a goatee does not destroy the credibility of his testimony. *People v. Agosto* (1979), 70 Ill. App. 3d 851, 388 N.E.2d 1018.

We find that defendant was proved guilty beyond a reasonable doubt. The record indicates that complainants were held in a well-lit room for 1½ hours. They viewed their assailant under circumstances which would permit subsequent positive identification. Both complainants identified two photographic exhibits admitted during trial as pictures of the car in which they were abducted. The arresting officers testified that defendant was apprehended in this auto on the same day the incident occurred and that a pistol and a knife were recovered from the car. Furthermore, the complainants' estimation of defendant's height, weight, and age were accurate and corroborative. The omissions and discrepancies in the complainants' testimony were matters for the jury to consider in weighing the testimony. (*People v. Thomas* (1979), 72 Ill. App. 3d 186, 389 N.E.2d 1330, citing *People v. Sanders* (1976), 38 Ill. App. 3d 473, 348 N.E.2d 229.) In this case, we will not overturn the jury's determination of the witness' credibility.

Finally, defendant contends that the pretrial lineup was unduly suggestive because he was forced to wear a hairnet and green jacket allegedly worn by the victims' assailant and that no other lineup participant was required to wear these items.

■■ The burden is on defendant to prove that pretrial identification evidence should be suppressed. (*People v. Sakalas* (1980), 85 Ill. App. 3d 59, 405 N.E.2d 1121; *People v. Witherspoon* (1975), 33 Ill. App. 3d 12, 337 N.E.2d 454.) To succeed, a defendant must prove that the procedure used

was unnecessarily suggestive and conducive to mistaken identification. (*People v. Fleming* (1980), 91 Ill. App. 3d 99, 413 N.E.2d 1330; *People v. Sakalas*.) The mere fact that a suspect in a lineup wears clothing similar to that worn by an assailant and that members of a lineup are largely dissimilar does not necessarily render the lineup unduly suggestive. *United States v. Medina* (7th Cir. 1977), 552 F.2d 181, *cert. denied* (1977), 434 U.S. 839, 54 L. Ed. 2d 102, 98 S. Ct. 132.

Defendant testified during the hearing on the motion to suppress that a police officer placed a hairnet on his head before four or five of the 12 lineups in which he participated on the day in question. He did not remember whether he wore one in the lineups which complainants viewed. Defendant further testified that he asked but was not allowed to remove his green jacket. However, he could not recall whether complainants viewed him before or after this request. Based upon the facts and the foregoing legal principles, we find that defendant did not meet the burden of proving that the lineup was unnecessarily suggestive.

■■ Furthermore, complainants' in-court identifications had an origin independent of the pretrial confrontation. In-court identifications are permissible if they have an origin independent of tainted pretrial identifications. (*People v. McTush* (1980), 81 Ill. 2d 513, 410 N.E.2d 861; *People v. Patrick* (1972), 53 Ill. 2d 201, 290 N.E.2d 227; *People v. Richard* (1980), 88 Ill. App. 3d 247, 410 N.E.2d 459.) Here complainants were abducted by defendant during daylight hours and were held by defendant for 1½ hours in a sun-lit room. Thus, they had ample opportunity to view defendant and their in-court identifications were reliable.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

CAMPBELL, P. J., and O'CONNOR, J., concur.